THOMAS CRATTY

*v.*

THE PEORIA LAW LIBRARY ASSOCIATION *et al.*

*Opinion filed February 21, 1906.*

1. APPEALS AND ERRORS—*when questions relating to forfeiture of franchise are waived.* All questions arising under the allegations of a bill for accounting and dissolution which relate to the forfeiture of the defendant's franchise as a corporation are waived where the complainant appeals to the Appellate Court, where the question of forfeiture could not be reviewed; and such questions, although argued on both sides, will not be considered by the Supreme Court on further appeal.

2. CORPORATIONS—*equity may entertain bill to compel directors of corporation to declare dividend.* A court of equity has jurisdiction of a bill by a stockholder to compel the directors of a corporation to declare a dividend on preferred stock, although as to the common stock the discretion of the directors in that respect will not be interfered with, in the absence of bad faith or arbitrary or unjustifiable conduct.

3. SAME—*stockholder may maintain bill to prevent discrimination in dividends.* A stockholder may maintain a bill in equity to prevent discrimination or unfair distribution of dividends among stockholders of the same class, since such dividends must always be equal and the directors have no discretion to discriminate.

4. SAME—*an agreement for preferred stock is not unlawful.* A provision for preferred stock in the original by-laws of a corporation, whether it be called interest-bearing stock, preferred stock or guaranteed stock, is not unlawful, where all shareholders have agreed thereto; and the contract evidenced by such by-laws, where the rights of third parties do not intervene, will be enforced by the courts as the parties have made it.

5. SAME—*agreement to pay dividends before paying expenses is unlawful.* An agreement by a law library association to pay divi-

dends on the capital stock before paying the necessary expenses is unlawful; but that fact furnishes no excuse for failure to pay such dividends out of the net income after deducting the legitimate expenses of conducting the library, including those incurred for rebinding and for keeping the capital unimpaired.

6. SAME—*capital cannot be increased in violation of shareholder's contract for dividend.* Where a shareholder in a library association has a right, under his contract, to an annual dividend on his stock at a fixed rate of interest after the payment of necessary expenses, the directors have no power to use any portion of such dividend to purchase new books, or to otherwise increase the capital by making the library more valuable and useful.

7. LACHES—*when doctrine of laches does not apply.* The doctrine of *laches* will not be applied to violations of duty on the part of the officers of a corporation within a few years prior to the filing of a bill by a stockholder for relief.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding.

DAVID MCCULLOCH, and JUDSON STARR, for appellant:

The by-laws constitute a contract between the stockholders themselves, and between each of them, and the association. The contract is that the association must pay interest, or so-called dividends, to the stockholders at all events, and such liability is cumulative. *Davis* v. *Proprietors,* 8 Metc. 321; *Insurance Co.* v. *Frear Stone Co.* 97 Ill. 537; 1 Cook on Corp. (4th ed.) 3, 263, 269, 271, 273, 277.

Stockholders, as between themselves, may make any deal respecting the stock and the liability of the corporation as they may see fit, provided they all agree and the deal is not in violation of some law of the land. *Alling* v. *Wenzell,* 35 Ill. App. 246; *Vance & Jones Co.* v. *Bentley,* 92 id. 287; *Clapp* v. *Peterson,* 104 Ill. 26; *Coal Co.* v. *Richardson,* 33 Ill. App. 277; *Scovill* v. *Thayer,* 105 U. S. 143; *Groh's Sons* v. *Groh,* 80 N. Y. Supp. 438.

A corporation and its managers are trustees for its stockholders, and if trust funds have been improperly used in purchasing property such property may be followed in equity. No lapse of time is a bar between the trustee and the *cestui que trust. Sanger* v. *Upton,* 91 U. S. 60; *Clapp* v. *Peterson,* 104 Ill. 26; *White* v. *Sherman,* 168 id. 589; 25 Am. & Eng. Ency. of Law, 1133; *Abels* v. *McKeen,* 18 N. J. Eq. 462; 2 Jones on Liens, sec. 1180; *Life Ass.* v. *Fassett,* 102 Ill. 315; *Chetlain* v. *Insurance Co.* 86 id. 220; *Mining Co.* v. *Mining Co.* 116 id. 170; *Rice* v. *Rice,* 108 id. 199.

Dividends of the character here involved are cumulative, and the stockholder entitled thereto, not being paid in any given year, is nevertheless entitled to payment for that year, and with interest. *Elkins* v. *Railroad Co.* 36 N. J. Eq. 233; *Boardman* v. *Railroad Co.* 84 N. Y. 157; 1 Cook on Corp. (4th ed.) 269; *Lockhart* v. *VanAlstyne,* 31 Mich. 76.

J. H. SEDGWICK, F. H. TICHENOR, and GEORGE T. PAGE, for appellees:

Pleadings are taken most strongly against the pleader. No cause is stated showing that appellant is entitled to any relief. *Lawrence* v. *Traner,* 136 Ill. 484.

The action should have been for appellant's use and the use of all others similarly situated, or else all stockholders should have been made defendants. The relief prayed is inequitable. *Dorman* v. *Brereton,* 140 Ill. 153.

Appellant has no standing in equity because he has a complete remedy in law. *Tailoring Co.* v. *Belding Bros. & Co.* 40 Ill. App. 330; 2 Thompson on Corp. sec. 2290; *Davis* v. *Proprietors,* 8 Metc. 326; *Dougherty* v. *Hughes,* 165 Ill. 384.

The by-law relied upon is contrary to law, and void. *People* v. *Live Stock Exchange,* 170 Ill. 570; 2 Thompson on Corp. pars. 2236, 2244; *Ohio College* v. *Rosenthal,* 45 Ohio St. 193; *Railroad Co.* v. *King,* 17 id. 543; *Durkee* v. *People,* 155 Ill. 360; *Chicago* v. *Rumpff,* 45 id. 90.

A guaranteed dividend is limited to the profits made. 23 Am. & Eng. Ency. of Law, (1st ed.) 612, 616; 26 id. (2d ed.) 835; *Taft* v. *Railroad Co.* 8 R. I. 335; *Lockhart* v. *VanAlstyne,* 31 Mich. 76; *Guiness* v. *Land Corp.* L. R. 22 Ch. Div. 349.

Courts of equity will not inquire into the general conduct of directors in the general management of corporate affairs. *Coquard* v. *Linseed Oil Co.* 171 Ill. 481; *Wheeler* v. *Steel Co.* 143 id. 197; *Faulds* v. *Yates,* 57 id. 416.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Peoria county sustained the demurrer of the Peoria Law Library Association, a corporation, and other appellees, who are officers of the corporation, to the bill of complaint of Thomas Cratty, the appellant, and dismissed the bill. The Appellate Court for the Second District affirmed the decree.

The bill is for an accounting between complainant, as the owner of twenty-one shares of the capital stock of the corporation, of the par value of $2100, and the corporation and its officers, and for a decree for whatever may be found due for dividends upon said shares, and for the appointment of a receiver, and to dissolve the corporation and wind up its affairs.

The facts stated in the bill, which for the purposes of the demurrer are to be taken as true, are as follows: Complainant, who was an attorney practicing law in the city of Peoria, had accumulated a large and valuable law library, and with a considerable number of other lawyers agreed to organize a corporation and establish a more public library. Law books transferred to the corporation were to be appraised at their fair cash value, and such as were not paid for in money were to be paid for in capital stock, which was to draw a definite sum per annum as dividends. An agreement to that effect was made in writing, and in pursuance of the agreement the

corporation was organized on January 6, 1879. Soon after the board of directors adopted a set of by-laws, among which were the following:

"Sec. 12. The association guarantees to every stockholder a dividend of eight per cent per annum on the amount of paid-in stock held by him or them from the date of such payment, which dividend shall be a charge against the association, and the production of the certificate of stock or receipt of payment shall entitle the holder to the amount of such dividend. Such dividend shall be due and payable on the first day of January in each year.

"Sec. 15. The board of directors shall fix the annual dues of members at such an amount as may be necessary to raise a sufficient sum, annually, to pay, first, a dividend of eight per cent per annum on the paid-in capital stock of the association; second, the necessary expenses of the association; third, to keep up the continuation of all the reports and legal periodicals owned by the association; and fourth, to purchase new books and legal publications. And shall grade membership into four classes, the first to be composed of all practicing attorneys who have been admitted to practice for ten years; the second, those who have been admitted for five years; the third, those who have been admitted less than five years and all attorneys not engaged in practice; and the fourth, of all students and other persons desiring membership.

"Sec. 16. That until otherwise provided by resolution, to be entered upon the records of the association, the annual dues for the respective grades of membership shall be as follows: Members of the first class, $80; members of the second class, $60; members of the third class, $40; members of the fourth class, $20."

In pursuance of said agreement and by-laws complainant transferred his library, amounting to nearly two thousand volumes, to the corporation, and received payment, partly in money and the balance in twenty-one shares of the capital

stock of the par value of $100 each.   So long as he remained
in practice in Peoria he paid all dues at the rate of $80 per
year and received eight per cent per annum on his shares of
stock.   He left there on May 1, 1880, and since that time
has not received any payment, but the corporation for many
years paid dividends to other stockholders who continued to
practice in Peoria, the amount of which payments complain-
ant is unable to state.   Complainant repeatedly applied to
the association and its officers and sought to obtain payment
of dividends, but the corporation refused to account with
him or make any payment, claiming that there were no
surplus funds on hand out of which payments of dividends
could be made.   The affairs of the corporation have been
managed by a few persons who have been engaged in buying
up the shares of stock at much less than par value.   There
has been no meeting of stockholders since January, 1895,
although the by-laws provide for annual meetings, and no
meeting of directors has been called for several years.   The
bill charges that large amounts of money have been received
by the corporation, out of which the greater portion, if
not the entire amount, of dividends could have been paid,
but that they were misapplied to the payment of expenses
and the purchase of books for the library; that the corpo-
ration has been substantially abandoned and is only kept
up for the benefit of a few individuals, and that the earnings
of surplus funds above the payment of expenses and addi-
tions to the library is not a condition precedent to complain-
ant's right to dividends.   He therefore asks for an accounting
of the amounts of money received by the corporation and
its officers and misapplied or misappropriated.

There are allegations in the bill that the charter of the
corporation has been forfeited and canceled for a failure to
make reports required by the statute, and that under the
facts alleged the corporation has no right to continue in
operation, and should be wound up and its effects divided
among the stockholders.   But all such allegations affecting

the franchise were abandoned by taking the appeal to the Appellate Court. The franchise could not be involved in the appeal to that court, and although counsel on both sides have argued the questions relating to the dissolution of the corporation and the forfeiture of its franchise, such questions are not involved in an appeal from the judgment of the Appellate Court, which could not consider or decide them.

Counsel for appellees say that appellant has no standing in a court of equity because he has a complete remedy at law by an action for any dividends that may be due him, but as no dividends have been declared an action at law would not lie to collect them. When dividends have been regularly declared they become the absolute property of the stockholders, and the debt may be collected by an action at law. A proceeding to compel directors to declare and pay a dividend is of an equitable nature, and a court of equity is the proper tribunal in which to institute the action. (Cook on Stock and Stockholders,—2d ed.—sec. 544; 9 Am. & Eng. Ency. of Law,—2d ed.—687.) Generally, the question of declaring a dividend is entrusted to the sound discretion of the directors; and as to common stock, such discretion will not be interfered with by a court of equity in the absence of bad faith or arbitrary or unjustifiable conduct. But different rules apply with respect to the right of holders of preferred stock to invoke the aid of a court to order the declaration and payment of dividends on their stock. (9 Am. & Eng. Ency. of Law, *supra.*)

There is another ground for equitable interference in the bill. Dividends among stockholders of the same class must always be equal and without discrimination, and a bill in equity may be maintained by a stockholder to prevent discrimination or unequal or unfair distribution. (Cook on Stock and Stockholders, sec. 542.) The bill alleges that there has been discrimination in the payment of dividends as between different stockholders of the same class, and such action is not within the discretion of the officers.

The by-laws in question operate as a contract between the corporation and the shareholders, who took their shares in reliance upon them.   (10 Cyc. 651.)   The meaning of the contract created by the by-laws is not obscure, and it is both usual and proper to assume that parties intend by their engagements what the language used by them naturally imports.   The contract is that dividends of eight per cent per annum shall be paid on the shares of stock; that the board of directors shall fix the annual dues at such amounts as may be necessary to raise a sum sufficient to pay, first, the dividends; second, the necessary expenses; third, to keep up the continuation of all reports and periodicals; fourth, to purchase new books and legal publications.   There is no objection to an agreement for preferred or guaranteed stock in the original organization of a corporation, where, as in this case, all the parties agree to it.   Whether the stock is to be called interest-bearing stock, preferred stock or guaranteed stock makes no difference, as the terms, when applied to shares of stock, mean practically the same thing.   (Cook on Stock and Stockholders, sec. 538.)   The contract, like any other one, is not to be abrogated or set aside by construction, on the ground that the performance of it would be inconvenient or unfavorable to either one of the contracting parties. Where the rights of third persons do not intervene, parties to a contract are bound to carry it out as they have made it, and the proper function of courts is to enforce the performance of contracts voluntarily entered into without fraud, which are not in violation of the law.   The fact that the performance of a contract might lead to insolvency has never been considered any excuse for a failure to perform it.   It certainly cannot be said that the parties to this contract intended that it should not be performed if the corporation preferred to expend its net income in increasing the capital or assets by adding to the library and rendering it more useful and valuable.   That would enable the officers not to perform the contract at all, at their own option.

There is one particular in which the contract is in violation of the law and not enforcible, and that is in the provision to pay dividends before the payment of necessary expenses and keeping the capital intact, which would include necessary re-binding and otherwise keeping the library up to the point that the capital stock would not be impaired. An agreement to pay dividends out of the capital stock, which amounts to the same thing as to pay back to the shareholder a part of the capital paid by him, is illegal and void. (Cook on Stock and Stockholders, sec. 270; 9 Am. & Eng. Ency. of Law,—2d ed.—701.) The officers of a corporation have no power to decrease the capital of the corporation in order to pay dividends, but, on the other hand, a construction cannot be adopted which would permit the officers to add to the library so as to increase the value of the capital at the expense of the shareholder and in violation of the contract. It was evidently contemplated that dues could be fixed at such a price as to pay all the obligations and fulfill all the purposes named in the by-laws, to the extent of purchasing necessary new law books and periodicals. It may be that experience has shown that the contract interferes to some extent with the full development of a complete library by the addition of new books, thereby increasing its value and adding to the capital, but that fact affords no excuse for failure to perform the agreement so far as it is legal and valid. Scarcely any library contains all the books and periodicals that are published, and there is practically no limit to which the corporation might not go in expending its income for the purchase of books and legal journals, but an increase of the capital cannot be permitted to defeat the rights of shareholders. Such increase of capital could only be effected by the sale of capital stock or some other method which would not interfere with the rights of complainant. His rights are to dividends from the net income, and net income is what remains after deducting all legitimate charges as herein explained. We see no reason why the contract

should not be enforced by applying to the payment of dividends the net income after deducting the expenses for conducting the library, and for losses and deterioration of books, so as to keep the capital intact and unimpaired. Whether the library would be less useful or valuable as a result of doing so than it otherwise would be cannot be considered.

It is urged that the claim of complainant is barred by *laches.* That doctrine cannot apply to violations of duty on the part of officers which have occurred within a few years prior to filing the bill. The bill alleges that complainant never acquiesced in the construction put upon the by-laws by the officers, and that he has repeatedly sought an accounting and never abandoned his right to it. It cannot be said that there has been such acquiescence on his part as would deprive him of all his rights, and there has been no injury to the corporation or its officers by the delay in filing the bill. The allegations of the bill are that the corporation and its officers are still disregarding the rights of the complainant by adding to the library; that there has been no meeting of stockholders since 1895; that no meeting of directors has been called for several years, and that the defendants, other than the corporation, have been engaged in buying up the shares of stock at reduced prices, so that the library is now maintained only for the benefit of a few individuals. The directors hold a fiduciary relation toward the stockholders, and we are not prepared to say that the complainant is barred of his rights by *laches.*

The judgment of the Appellate Court and the decree of the circuit court are reversed and the cause is remanded to the circuit court with directions to overrule the demurrer.

*Reversed and remanded.*