JAMES G. CASSON, complainant-appellant,

*v.*

ARNOLD BOSMAN, JOHN W. KANEHANN, HARRY W. BROWN, ALEXANDER HUGGAN, MICHAEL J. STECHER and BOSSMAN AND CASSON, INC., defendants-respondents.

[Submitted October 26th, 1945.   Decided February 13th, 1946.]

On appeal from a final decree advised by Vice-Chancellor Fielder, whose opinion follows:

"Appeal having been taken by complainant from the decree herein dismissing his bill of complaint, I state my reasons for advising the decree.

"Complainant is the owner of shares of stock of Bosman & Casson, Inc., a corporation of this state.   By his bill he sought to compel the directors of the corporation to declare

a cash dividend to stockholders for the fiscal year ending December 31st, 1943, and at regular intervals thereafter. The corporation has capital stock issued and outstanding of 3,000 shares of the par value of $100 each. It is a closed corporation having only seven stockholders who are: Arnold Bosman (president and treasurer), 1,585 shares; John W. Kanehann (second vice-president), 200 shares; Harry W. Brown (first vice-president and secretary), 140 shares; Alexander Huggan, 60 shares; Michael J. Stecher, five shares; Daniel J. Ford, ten shares; complainant, 1,000 shares. With the exception of complainant all stockholders are employees of the corporation and with the exception of complainant and Ford, all are directors. From 1922 to and including 1942 complainant was a director, vice-president and manager. At the annual meeting of stockholders held January, 1943, he was not elected a director and at the immediately following meeting of directors he was discharged as an employee of the corporation. From 1922 to and including the year 1942 (excepting the years 1933 and 1939) the corporation paid annual dividends, the dividend for the year ending December 31st, 1942, being at the rate of five per cent. For the year ending December 31st, 1943, the corporation had a net profit of $23,096.55 which the directors decided to retain and add to surplus account, thus increasing surplus to $123,485.17 at the end of that year. The complainant charges that such surplus is greater than is necessary for the purposes of the corporation and that the decision of the directors not to declare a dividend that year was improper, arbitrary, unreasonable and made in bad faith for the purpose of destroying the value of complainant's stock.

"The corporation is engaged in the wholesale millwork business with offices and warehouses at Harrison in this state. At the annual meeting of stockholders held in January, 1944, the corporation's vice-president explained in detail the corporation's need for additional working capital and why he thought the profits for the year 1943 should be added to surplus and that no dividends should be declared, whereupon the stockholders adopted a resolution (the complainant's proxy dissenting), recommending to the directors that no

dividend be declared. The directors at their following meeting adopted a resolution that no dividend be declared and that the profits for 1943 be reserved for replenishing the inventory in anticipation of increased business in the post-war period and to make additions to warehouse and delivery equipment and for the erection of new buildings.

"It appeared from the testimony of the directors that after discussing the future needs of the corporation they believed and concluded that due to general housing shortage in the country a boom in building construction would follow cessation of war hostilities and that they should prepare for the anticipated event by replenishing their stock in order to be ready for what they thought would be a large demand by builders for millwork, and that for such purpose it was in the interest of the corporation to increase their working capital rather than to await the demand and then be required to borrow money to purchase necessary material and supplies; that they desired to demolish some of their old buildings and erect three new ones as soon as the necessary material and labor were available; that they had made commitments for the purchase of supplies to the extent of about $176,000 for which they desired to pay cash as supplies were delivered so. as to take advantage of trade discounts; that they desired to replace worn-out machinery and delivery trucks when machinery and trucks can be ready for delivery and they were of the opinion that the necessities of the corporation required the maintenance of a large surplus. For the same reasons they decided at their subsequent meeting held in January, 1945, to declare no dividend out of profits for the year ending December 31st, 1944, and those profits were also added to surplus.

"Complainant had no vested right to employment by the corporation and he was subject to discharge at any time by the corporate directors or officers. It appeared that he was discharged for good cause by unanimous vote of the directors. That his discharge as employee was not part of a conspiracy to injure his interest as stockholder is evidenced by the fact that at the time he was discharged he received a dividend then declared on his and other stockholders' shares.

"The effect of the failure of the directors to declare dividends was the same on all stockholders as it was on complainant but complainant argued that the loss of dividends to other stockholders was offset by increase in compensation to them as employees. This was not true as to Mr. Bosman who is the largest stockholder and therefore the greatest sufferer from loss of dividends, and he received no increase in pay for his services as an officer or employee. There was an increase in employment pay to the other stockholders but if the total payment for salaries to employees for 1943 and 1944 exceeds the same total for 1942, it does so by only a small margin and the testimony showed that after complainant's discharge those stockholder employees took over his duties and by working longer hours returned greater service to the corporation; and it is common knowledge that in the years in question there had been a general increase in employees' wages and salaries.

"The law of this state commits the management of the affairs of corporations to a board of directors chosen by stockholders, and it has been said by our courts that if stockholders do not like the way the corporation is managed their recourse is to elect a new board of directors. It is the misfortune of a minority stockholder that he is unable to select directors who will act in accordance with his ideas of management but he can find no legal ground of complaint against directors whose management of their corporation is conducted in good faith and with reasonable judgment. The law does not require infallibility or the impossibility of error or mistake in directors; it requires that they shall act as reasonable men and in good faith toward their stockholders and when it comes to the question of declaration of dividends they may reserve corporate profits for repairs, improvements and replacement of corporate property and for any other corporate necessities and thereby defer payment of dividends; their determination if made in good faith is final and not subject to judicial review. *Park* v. *Grant Locomotive Works, 40 N. J. Eq. 114;* affirmed, *45 N. J. Eq. 244; Stevens* v. *United States Steel Corp., 68 N. J. Eq. 373; Murray* v. *Beattie Manufacturing Co., 79 N. J. Eq. 604; Blanchard* v. *Prudential Insurance Co., 80 N. J. Eq. 209; Blancard* v. *Blancard*

*& Co., Inc., 96 N. J. Eq. 264; Leviton* v. *North Jersey, &c., Co., 106 N. J. Eq. 517.*

"Consideration of the evidence satisfied me that in deferring payment of dividends out of 1943 and 1944 profits or out of surplus, the directors did not conspire against complainant and that it was neither unreasonable nor unwise for them to have made provision against what they considered the post-war necessities of their corporation might be. They may have been mistaken in estimating the extent of their future necessities but even if I thought they were I could not substitute my judgment for theirs when they acted, as I believe they did, in the exercise of good faith and with reasonable judgment."

*Mr. Joseph B. Gallagher,* for the appellant.

*Mr. Maurice M. Bernstein,* for the respondents.

PER CURIAM.

Complainants appeal from a decree dismissing his bill seeking to compel the directors of the respondent corporation to declare a dividend, "in a reasonable amount, in cash," for the year ending December 31st, 1943, and at regular intervals thereafter. We have concluded that the decree should be affirmed for the reasons stated in the opinion of the learned Vice-Chancellor; but we think that, under all the circumstances, appellant should not have been burdened with a counsel fee or the cost of the transcript of the testimony.

The decree is modified accordingly.

*For affirmance*—CASE, DONGES, WELLS, DILL, FREUND, JJ. 5.

*For modification*—THE CHIEF-JUSTICE, PARKER, BODINE, HEHER, PERSKIE, COLIE, OLIPHANT, RAFFERTY, MCGEEHAN, JJ. 9.