**LONG et al. v. DRAVO CORPORATION.**
**Civil Action No. 4191.**

District Court, W. D. Pennsylvania.

April 2, 1946.

Schlesinger & Schlesinger, Hymen Schlesinger, and Sylvia Schlesinger, all of Pittsburgh, Pa., for plaintiffs.

Thorp, Bostwick, Reed & Armstrong, John E. Laughlin, Jr., Joseph E. Madva, and J. Rosland Johnston, all of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

The defendant has moved that above entitled action be dismissed.

The suit has been brought by John F. Long, William S. Meyers and Albert Post, citizens of West Virginia. Plaintiffs allege that the action was instituted by them for themselves and as representatives of employees of the Dravo Corporation, numbering between 1,000 and 2,000, who are citizens of states other than Pennsylvania, and who are similarly situated as plaintiffs. The complaint also declares that they are also the assignees of some one hundred members of the same class as themselves "who join in this action as plaintiffs but are too numerous to be named specifically as parties plaintiff." The complaint asserts that the rights sought to be enforced are common to them and the persons they claim to adequately represent, and that there is a common question of "law or fact" involved and a common relief is sought.

The plaintiffs allege that they, and the persons they claim to represent, are within the jurisdiction of the bargaining unit of Industrial Union of Marine and Shipbuilding Workers of America, CIO, Local No. 61. This Union entered into a contract with Dravo by which was governed the matter of vacations with pay for the de-

fendant's employees who were members of the bargaining unit. The complaint asserts that plaintiffs and persons represented by them, after January 1, 1945, were "laid off", and when so laid off were each entitled to vacation pay of about $40 which was not paid them. This action is brought to recover the approximate amount of $40 vacation pay due employees of defendant at the time of their discharge.

The defendant has answered, denying liability to the plaintiffs, their assignors, or any member of the alleged class of employees, and setting forth as a second defense that plaintiffs have failed to set forth a claim upon which relief can be granted; and for a third defense asserts that the claim does not state any liability on behalf of any person other than the three plaintiffs; and, for a fourth defense, alleges that each claim is a separate and distinct controversy between each of the plaintiffs and the individual members of the alleged assignors and class, and that the amount of $3,000 is not involved in any one of the claims, and this court has no jurisdiction of the action.

The basis of defendant's claim is the Article of Agreement between the Dravo Corporation and the Local No. 61 of the Union. By the contract the defendant agreed that an employee who had been continuously employed for a period of one year immediately preceding each July 1 shall receive a week's vacation with pay; and any employee who has worked continuously in any twelve month period immediately preceding each July 1 for three consecutive months shall receive one-half day's vacation, and for each succeeding month of service an additional one-half day. By the complaint it appears that all the persons mentioned therein were not discharged on the same date and are not entitled to the same amount of vacation pay. Considering the large number of persons mentioned in the complaint it is certain that the wage compensation of each of them was not the same, although each is alleged to be entitled to receive about $40 as vacation pay.

■ This is a case wherein the claimants are joined only by reason of their great number. Each of them had a separate cause of action against the defendant, but none of them have the right to a joint action. The instant action is a spurious class suit, as described in Rule 23(a) (b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. In such actions jurisdictional amount required in the Federal Courts is $3,000, and that amount cannot be reached by aggregation of the claims, but must appear in the claims of the individual plaintiffs. See Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001; Thomson v. Gaskill, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951; Sturgeon v. Great Lakes Steel Corporation, 6 Cir., 143 F.2d 819; Kiriloff v. Bendix Aviation Corporation, D. C.[1]

None of the claimants sought to be joined in the action is alleged to have a claim of $3,000.

■ The named plaintiffs have brought this action on behalf of themselves and a thousand similarly situated former employes of defendant. They also specify that they have assignments of the claims of about one hundred employees. This is merely a left-handed method of attempting to obtain jurisdiction by aggregating the claims. These assignments, assuming their existence, are plainly for the purpose of suit or for purposes of collection. Such are not valid. See Bullard v. City of Cisco, 290 U.S. 179, 187, 54 S.Ct. 177, 78 L.Ed. 254, 93 A.L.R. 141; 36 Corpus Juris Secundum, Federal Courts, § 310, page 527. See also Paragraph 9 of the complaint:

"9. This suit is asserted for the claim of the three named plaintiffs in their own behalf and as assignees and representatives of a group of about 100 persons who are citizens of states other than Pennsylvania, *who join in this action as plaintiffs* but are too numerous to be named specifically as parties plaintiff." (Italics by the court.)

The Paragraph 9 quoted makes it plain that the assignees are merely for purposes of the suit.

That the claim of plaintiffs is based upon the agreement between defendant and Local Union No. 61, CIO does not change the jurisdictional situation. Pinel v. Pinel, 240 U.S. 594; 36 S.Ct. 416, 60 L.Ed. 817; Thomson v. Gaskill, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951; or because the plaintiffs have a community of interest; Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001.

The claims of the plaintiffs, named and represented, being separate and distinct, and none of them alleged to be in amount of $3,000, the motion of defendant to dismiss the action will be granted.

---

[1] Reargument granted.