### FLETCHER et al. v. GERLACH et al.

District Court, S. D. New York.
Sept. 30, 1947.

---

Leo T. Kissam, of New York City, for plaintiffs.

Harry G. Herman, Co. Atty., of White Plains, for defendants.

CONGER, District Judge.

Action for a judgment declaring that all collections of tolls by the defendants and their agents for the use of the Saw Mill River Parkway by motor vehicles to be in violation of Section 9 of Federal Highway Act, 23 U.S.C.A. § 9. The complaint also asks for both a temporary and a permanent injunction against the collection of such tolls.

Recently and some time during the month of August, 1947, the County of Westchester completed a toll booth over and upon the Saw Mill River Parkway. Since that time it has been collecting a toll of ten cents for each automobile passing over said Parkway and through such toll booth.

On or about the 28th day of August, 1947, each of the plaintiffs in his automobile sought to pass over and use this Parkway. Each was stopped at the toll booth and barred from proceeding further unless the toll of ten cents was paid. Two paid the toll under protest. The other two refused to pay and were barred from proceeding further.

Hence this law suit, in which plaintiffs purport to sue on their own behalf and on behalf of all other motor vehicle owners and motor vehicle operators similarly situated.

The defendants have answered and the case is now at issue.

This matter is now before me because of two motions.

Plaintiffs move for a preliminary injunction, pursuant to Rule 65, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, restraining the defendants from collecting the said tolls.

Defendants move for an order dismissing the complaint pursuant to Rule 12(b) (1, 2, 6) of the Federal Rules of Civil Procedure, on the ground that the Court lacks jurisdiction over the subject matter, lacks jurisdiction over the person of the defendants and that the complaint fails to state a claim upon which the relief asked for in the complaint could be granted.

Each side has filed supporting affidavits on the facts with the Court.

■ This question of jurisdiction must of necessity be decided and determined first. It would be an idle gesture for this Court to proceed and pass on the other questions involved, unless and until the jurisdiction question is determined. If it clearly appears that jurisdiction is wanting, the Court should so find and proceed no further.

Plaintiffs contend that the supporting affidavits submitted by them support the jurisdiction of this Court.

The jurisdiction of this Court over this case is based on diversity of citizenship and a matter in controversy exceeding the sum or value of $3,000. The diversity of citizenship is present but the question at issue is whether the matter in controversy exceeds $3,000.

The issue has been fairly presented by the complaint and the supporting affidavits.

The complaint states that "the matter in controversy exceeds, exclusive of interest and costs the sum of Three Thousand Dollars."

The complaint further alleges (paragraphs 9 and 10) that two of the plaintiffs were compelled to pay a toll of ten cents each in order to use the road and that the other two were barred from the road because they refused to pay the toll.

The complaint further alleges (paragraph 11) that the defendants intend to collect "a toll of ten cents from each motor vehicle using the passing over the said Saw Mill River Parkway" and that this toll will aggregate the sum of approximately $1,250,000 a year.

■ The mere fact that the complaint alleges that the amount involved is more than $3,000 is not sufficient. It must appear on the face of the complaint or otherwise from the proofs that the matter in controversy exceeds the jurisdictional .amount. The mere assertion that more than the required amount is involved is not enough where the facts alleged do not tend to support the claim. First National Bank v. Louisiana Commission, 264 U.S. 308, 44 S.Ct. 340, 68 L.Ed. 701.

■ The fact that four plaintiffs are here joined in no way tends to raise the amount involved in this controversy.

It is well settled that when two or more plaintiffs, each with a separate and distinct demand, join in a single suit, the demand of each must be of the requisite jurisdictional amount. Aggregation to make up the jurisdictional amount is permitted only when the claims are of a joint nature. Hackner v. Guaranty Trust Co., 2 Cir., 117 F.2d 95, citing Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817. See also Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001.

No such joint right is involved here.

■ The fact that these plaintiffs purport to sue for all others similarly situated in no way raises the amount in controversy. This is not a true class action but is what is known as a spurious class suit, where the rights involved are peculiar to the individual toll payers. These claims may not be aggregated but the claim of each plaintiff must exceed the jurisdictional minimum. Moore's Federal Practice, Vol. 2, Page 2297 and cases cited.

See cases above cited and Black & Yates v. Mahogany Ass'n., 3 Cir., 129 F.2d 227, 148 A.L.R. 841.

■ The allegation in the complaint that the amount which will be collected from tolls in a year will amount to more than a million dollars in no way affects the amount here in controversy. It is the claim of each

individual plaintiff which is the sole factor involved.

■ The general allegation in the complaint that the amount involved in the action exceeds the jurisdictional amount gives no indication that the amount in controversy with respect to the claim of any single plaintiff exceeds the jurisdictional amount and is insufficient to show that this Court has jurisdiction. Clark v. Paul Gray, supra.

This does not answer the problem, but it does more or less answer the contention of plaintiffs when this motion was argued before me.

■ Plaintiffs now contend in their briefs that the yardstick by which this question of jurisdiction is to be measured is by the value of the right to be protected or the value of the object to be gained.

There is no question but that that is the correct rule, particularly in injunction cases.

Plaintiffs have cited a number of cases which correctly set forth this rule.

There can be no question that in an action of this nature the jurisdictional amount is to be calculated on the basis of the right which is being injured, or as the Court stated in Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 702, 78 L.Ed. 1248: "It has been said that it is the value of the 'object of the suit' which determines the jurisdictional amount in the federal courts, Mississippi & Missouri R. Co. v. Ward, 2 Black, 485, 17 L.Ed. 311; Packard v. Banton, 264 U.S. 140, 142, 44 S.Ct. 257, 68 L.Ed. 596."

So now the question we have here now posed is, "What is the value of the right which each plaintiff here seeks to protect from invasion?"

Plaintiffs contend and have attempted to demonstrate that the actual damage to each plaintiff, by being deprived by defendants of the right to pass over the Saw Mill River Parkway without paying toll, exceeds $3,000, or that in view of the allegations in the complaint and the statements in the supporting affidavits this Court cannot as a matter of law hold that each of the plaintiffs will not be damaged in an amount exceeding $3,000.

The damage alleged by each plaintiff is generally as follows:

1. Loss of time and depreciation to his automobile and parts caused because he will be compelled to travel by an alternate and longer route to by-pass the toll gate on the Parkway; also legal fees and expenses in bringing action against the defendants to recover the said damage.

2. Legal fees and expenses which each plaintiff will have to expend in order to bring a civil action against defendants if he is deprived of the right to pass over the Parkway without paying tolls.

3. Each plaintiff states that he intends at frequent intervals to drive his car to the toll gate and insist on going through without paying a toll which he says will undoubtedly lead to criminal action and prosecution against him by defendants for violation of the statute permitting tolls to be charged and for disorderly conduct and obstructing traffic, as a result of which each plaintiff states he will suffer loss of time and will be compelled to expend moneys for legal fees and expenses.

Each plaintiff avers that each of these separate items of damage will amount to more than $3,000.

■ I am convinced that these alleged items of damage do not represent the true loss to each plaintiff by the alleged invasion of his right to pass over this Parkway unless paying a toll. These items of loss are collateral to the issue and not the proper measure of plaintiffs' damage if any.

The issue between the parties is the right of the County to collect the toll. The dispute as to the lawfulness of this toll is the sole matter of dispute here.

The toll payment which is demanded or resisted is the matter in controversy, since payment of it would end the dispute and its value, not that of the penalty or loss which payment would avoid, determines the jurisdiction.

The jurisdictional amount is to be determined not by the loss of time, legal expenses, depreciation to automobiles or even loss of business, but solely by the amount of the toll to be collected. Healy v. Ratta, supra; Clark v. Paul Gray, Inc., supra; Bender v. Connor, D. C., 28 F.Supp. 903.

■ It clearly appears that the total amount of tolls collected and the amount of

tolls normally to be collected from any one plaintiff within any time reasonably required to conclude this litigation could by no stretch of the imagination reach or exceed the jurisdictional amount.

Since it appears to me from the complaint and from the proofs submitted that it is apparent to a legal certainty that the matter in controversy here, as to each plaintiff, does not exceed, exclusive of interest and costs, the sum of $3,000, there is nothing left for me to do but to dismiss the complaint.

This is not a trivial or technical issue, but a primary and fundamental one; a matter of Federal policy.

■■■■ The Court in Healy v. Ratta, supra, very well expressed the reason for this policy at pages 269, 270 of 292 U.S., at page 703 of 54 S.Ct:

"From the beginning suits between citizens of different states, or involving federal questions, could neither be brought in the federal courts nor removed to them, unless the value of the matter in controversy was more than a specified amount. Cases involving lesser amounts have been left to be dealt with exclusively by state courts, except that judgment of the highest court of a state adjudicating a federal right may be reviewed by this Court. Pursuant to this policy the jurisdiction of federal courts of first instance has been narrowed by successive acts of Congress, which have progressively increased the jurisdictional amount. The policy of the statute calls for its strict construction. The power reserved to the states, under the Constitution (Amendment 10), to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the judiciary sections of the Constitution (Article 3). See Kline v. Burke Construction Co., 260 U.S. 226, 223, 234, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077. Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined. See Matthews v. Rodgers, supra, at page 525 of 284 U.S., 52 S.Ct. 217, 76 L.Ed. 447; compare Town of Elgin

v. Marshall, 106 U.S. 578, 1 S.Ct. 484, 27 L. Ed. 249."

Complaint dismissed. Plaintiffs' motion denied.

Settle order on notice.