**GIESECKE v. DENVER TRAMWAY CORPORATION et al.**

Civ. No. 1036.

United States District Court
D. Delaware.

Jan. 14, 1949.

Stewart Lynch, of Wilmington, Del., and John W. Giesecke and Harold C. Ackert, both of St. Louis, Mo., for plaintiff.

William S. Potter and James L. Latchum (of Southerland, Berl & Potter), both of Wilmington, Del., and Allan R. Phipps and Thomas Keely, both of Denver, Colo., for defendant Denver Tramway Corporation.

RODNEY, District Judge.

This is an action brought by the plaintiff, a citizen of Missouri, in his capacity as Trustee for one Annie E. Meier. The defendant is a corporation organized and existing under the laws of Delaware. The plaintiff alleges he is a holder of preferred stock of defendant company and the suit is brought to compel the declaration and payment of certain preferred dividends alleged to have been accruing and accumulating over a number of years but undeclared and unpaid. At oral argument in open court counsel for plaintiff limited the claim of plaintiff to those preferred dividends which had allegedly accrued prior and up to the effective date of a reorganization of defendant corporation, said date being January 1, 1944.

The defendant corporation moved to dismiss the complaint upon three several grounds and to strike it upon two additional grounds. Subsequent to oral argument and the filing of briefs upon these motions, the court sua sponte raised a jurisdictional question [1] in connection with the type of

---

[1] Prior to the recent revision of the Judicial Code, § 37 thereof, 28 U.S.C.A. § 80, made it mandatory upon the District Court to dismiss any suit at any time it appears to the satisfaction of said court that such suit does not really and

class action under Rule 23(a), Federal Rules of Civil Procedure, into which this suit must be placed, if at all. Upon request, counsel for the respective parties have submitted briefs upon this jurisdictional question, and the disposition herein of such question renders it unnecessary to consider the prior motions filed by the corporate defendant.

Jurisdiction here is based solely upon diversity of citizenship and thus there must also be present in controversy the requisite jurisdictional amount of an excess of $3,000 exclusive of interest and costs.[2]

I do not propose to enter into any extended examination in order to show the exact personal interest of the individual plaintiff in the present controversy and that such interest does not nearly equal the sum of $3,000. The plaintiff owns only seven shares of preferred stock.

This court, in its opinion in Barrett v. Denver Tramway Corp., D.C.Del.1944, 53 F.Supp. 198, 200, affirmed 3 Cir., 146 F.2d 701, and in Finding No. 11 of its Findings of Fact therein, found that on June 30, 1943, the accrued unpaid dividends on the preferred stock of defendant corporation amounted to $69.875 per share. In the present case there is filed an uncontroverted affidavit that the unpaid cumulative dividends on each outstanding share as of December 31, 1943 was $73.375. Under any discernible method of calculation the interest of the present plaintiff alone could not exceed $700.

Plaintiff of necessity, therefore, must treat this action as a class action in order to have in controversy the requisite jurisdictional amount.[3] With this view obviously in mind, there appears in paragraph 23 of the complaint the allegation that the other holders of the corporate defendant's preferred stock "constitute a class so numerous as to make it impracticable to bring them all before this court; that the plaintiff, therefore, brings this action in behalf of all the holders of the preferred stock of the defendant corporation who are similarly situated."

No occasion here arises to discuss the origin or purpose of class actions. In Restatement of the Law of Judgments, sec. 86, p. 416, it is said they were "invented by Equity for situations in which the number of persons having substantially identical interests in the subject matter or litigation is so great that it is impracticable to join all of them as parties in accordance with the usual rules of procedure and in which an issue is raised which is common to all such parties." The quotation refers to class actions as a general type and not to any particular kind of class action as defined in the Federal Rules of Civil Procedure.

Long before the adoption of the Federal Rules of Civil Procedure, the Supreme Court in a multitude of cases had considered class actions and when claims could or could not be aggregated in order to give a federal court jurisdiction over the controversy. In Clay v. Field, 138 U.S. 464, 479,

---

substantially involve a dispute or controversy properly within said court's jurisdiction. See Kelley v. United States, D. C.Mich., 59 F.2d 743; Woerter v. Orr, 10 Cir., 127 F.2d 969, 971. This portion of the section has been omitted from the Revised Code as unnecessary, since it is established that any court will dismiss even on its own motion a case that is not within its jurisdiction. See Reviser's Notes to Revised Title 28 U.S.C.A. § 1359. See also Rule 12(h) (2), Federal Rules of Civil Procedure, 28 U.S.C.A.

[2] 28 U.S.C.A. § 1332.

[3] The instant complaint does generally allege that the matter in controversy exceeds, exclusive of interest and costs, the sum of $3,000. Such an allegation is not sufficient when qualified by others which so detract from it that the court must dismiss sua sponte. See Gibbs v. Buck, 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111; K. V. O. S., Inc. v. Associated Press, 299 U.S. 269, 277, 57 S.Ct. 197, 81 L.Ed. 183; Bucyrus Co. v. McArthur, D.C.Tenn., 219 F. 266, 272; United States v. Corrick, 298 U.S. 435, 440, 56 S.Ct. 829, 80 L.Ed. 1263. Accord: Black & Yates v. Mahogany Ass'n, 3 Cir., 129 F.2d 227, 236, 148 A.L.R. 841; Sturgeon v. Great Lakes Steel Corp., 6 Cir., 1944, 143 F.2d 819, 821; Fletcher v. Gerlach, D.C.N.Y., 1947, 7 F.R.D. 616, 618; Luftman v. Ross, D.C.N.Y., 1948, 75 F.Supp. 627; Clark v. Paul Gray, Inc., 1939, 306 U.S. 583, 588, 59 S.Ct. 744, 83 L.Ed. 1001.

11 S.Ct. 419, 425, 34 L.Ed. 1044, it is said, "The general principle observed in all [the cases] is that if several persons be joined in a suit in equity or admiralty, and have a common and undivided interest, though separable as between themselves, the amount of their joint claim or liability will be the test of jurisdiction; but where their interests are distinct and they are joined for the sake of convenience only, and because they form a class of parties whose rights or liabilities arose out of the same transaction, or have relation to a common fund or mass of property sought to be administered, such distinct demands or liabilities cannot be aggregated together for the purpose of giving this court jurisdiction by appeal, but each must stand or fall by itself alone." [4]

Rule 23 of the Federal Rules of Civil Procedure has divided class actions into three groups designated by the numerals (1), (2), and (3) and these divisions or groups are quite commonly called, respectively, "true" class actions, "hybrid" class actions or "spurious" class actions.

Subdivision (1) of Rule 23(a) is popularly referred to as the "true" class action and describes such action as one where "the character of the right sought. to be enforced for or against the class is (1) joint, or common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it * * *." Plaintiff concedes that the present suit is not secondary in nature as

above described and thus that portion of the provision can be removed from consideration. It is left to be determined only whether the character of the right sought to be enforced for the class in the present suit is "joint," or "common."

Inasmuch as this purports to be a class action, it must conform to the provisions of Rule 23. Assuming only for the purpose of argument that this action can be placed into one of the three categories of Rule 23(a) and emphasizing that I am not passing upon such question, I believe 'the controlling point is whether or not the suit could fall under the first category as a "true" class action.

█ It is well settled that in a "true" class action in the federal courts, whether jurisdiction is based upon diversity of citizenship or upon a federal question arising under the Constitution or laws of the United States, the claims of all the members of the class may be aggregated for the purpose of obtaining the requisite jurisdictional amount.[5]

█ On the other hand, if the action is either a "hybrid" class suit under Rule 23(a) (2) or a "spurious" class suit under Rule 23(a) (3), then the claims of the several members of the class may not be aggregated to determine jurisdictional amount, but rather the claim of each party-plaintiff must at least equal the requisite jurisdictional amount specified in the statute in order for the court to have jurisdiction as to him.[6]

---

[4] While the cited case was concerned with the requisite jurisdictional amount on appeal to the Supreme Court, the principle applies with full effect to the requisite jurisdictional amount in the federal trial court. See also Wheless v. St. Louis et al., 180 U.S. 379, 21 S.Ct. 402, 45 L.Ed. 583.

[5] Matlaw Corp. v. War Damage Corp., 7 Cir., 1947, 164 F.2d 281, 283; Sturgeon v. Great Lakes Steel Corp., 6 Cir., 1944, 143 F.2d 819, 821; Fletcher v. Gerlach, D.C.N.Y., 1947, 7 F.R.D. 616, 618; Storm v. Lumbermens Mut. Casualty Co., D.C. Cal., 1946, 6 F.R.D. 355, 357; Gibbs v. Buck, 1939, 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111; Grand Rapids Furniture Co. v. Grand Rapids Furniture Co., 7 Cir., 1942, 127 F.2d 245; Troy Bank v. Whitehead & Co., 1911, 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81; cases collected in 141 A.L.R.

569, 572; see also 2 Moore's Federal Practice, p. 2295.

[6] Sturgeon v. Great Lakes Steel Corp., 6 Cir., 143 F.2d 819, 822; Clark v. Paul Gray, Inc., 306 U.S. 583, 589, 59 S.Ct. 744, 83 L.Ed. 1001; Andrews v. Equitable Life Assur. Soc., 7 Cir., 124 F.2d 788, 790; Miller v. National City Bank of N. Y., 2 Cir., 166 F.2d 723, 728; Hackner v. Guaranty Trust Co. of N. Y., 2 Cir., 117 F.2d 95, 97; Federated Independent Texas Unions v. Ass'n of Machinists, D. C.Tex., 79 F.Supp. 554, 556; Knowles v. War Damage Corp., D.C.Cir., 171 F.2d 15; Koster v. Turchi, D.C.Pa., 79 F. Supp. 268; Johnson v. Beneficial Loan Soc., D.C.Del., 34 F.Supp. 392, 395; Long v. Dravo Corp., D.C.Pa., 6 F.R.D. 226, 227; see also 2 Moore's Federal Practice (1947 Cum.Supp.) p. 111.

Consequently, unless the present action is a "true" class action, this court is without jurisdiction. The plaintiff's claim in itself does not equal the requisite jurisdictional amount and only by aggregating the claims of other preferred stockholders of defendant corporation with his own can the plaintiff aver such amount.

■ In Pentland v. Dravo Corp., 3 Cir., 152 F.2d 851, 852, the Third Circuit adopted that definition of a "true" class action given in 2 Moore's Federal Practice, p. 2236, as "one wherein, but for the class action device, the joinder of all interested persons would be essential."

■ The nature of the claim asserted by the plaintiff, and not the size of the fund against which the claim is asserted, governs the determination of whether there is a "true" class action. Andrews v. Equitable Life Assur. Co., 7 Cir., 124 F.2d 788, 789, 790; Hackner v. Guaranty Trust Co. of N.Y., 2 Cir., 117 F.2d 95, 97. ·If the plaintiff's claim is "joint" or "common" with the other members of his class, then such other members, in the absence of the class action device or some other statutory permissive device, would have to join with him in the suit. By virtue of the class action device, however, only so many members of the class as will fairly insure an adequate representation of the whole class need be made parties to the suit. Only if the nature of the plaintiff's claim determines that the suit is a "true" class action does the size of the fund become important as bearing upon the necessary jurisdictional amount. Andrews v. Equitable Life Assur. Co., supra.

■ The result of all the authorities, as I view it, is this. If a person has a claim which is a joint, undivided or common claim with others, even though separable among themselves, then action on such claim must be brought in a stipulated way. Either the claimant must join as parties all others holding interests in the joint, undivided or common fund and thus determine their interests, or, by virtue of a class action, bring suit on behalf of all other parties similarly situated. If the representation is otherwise sufficient, the claim of the individual plaintiff need not amount to the jurisdictional amount, but the amount of the joint claim will be the test of jurisdiction. This is denominated a true class action and is represented by Rule 23(a) (1).

■ If the claim of the party is a personal and separate claim, even though payable out of a common fund, then in a federal court such claimant may bring an individual action for his separate claim or, if there is a common question of law or fact affecting the several rights and a common relief is sought, he may bring a class action. In either case, whether the suit is an individual one or is brought by one or more on behalf of the class, the claim of the plaintiff must, in itself, equal the jurisdictional amount and cannot be aggregated with the claims of others. This is usually denominated a spurious class action and is represented by Rule 23(a) (3).

I am of the opinion that the nature of the instant plaintiff's claim is not such that, absent the class action device, he would have to join all members of his class. If his individual claim had equalled or exceeded the jurisdictional requirement of this court or his action had been brought in a state court which was without limit of jurisdiction, no reason is apparent why his suit could not be maintained without the joinder of others. His claim seems rather of a separate and distinct character which he could assert in his own right without joinder of any other member of his class and hence is not of a joint, undivided or common nature.

If the dividend had been declared and unpaid it seems clear that each stockholder would have had a separate and individual cause of action at law to compel the payment of the dividend so declared. An equitable suit to compel the declaration of a dividend is essentially a suit to compel the corporation, or directors, to establish a common fund in which each stockholder is to have separate and distinct interest.

■ No case has been found which expressly deals with the question here considered. There is, however, a multitude of cases containing judicial statements that an individual stockholder, under appropriate circumstances, may maintain a suit to compel the declaration of a divi-

dend.[7] In City Bank Farmers' Trust Co. v. Hewitt Realty Co., 257 N.Y. 62, 177 N.E. 309, 76 A.L.R. 881, the action clearly was brought on behalf of one stockholder alone. In Cohn v. Cities Service Co., 2 Cir., 45 F.2d 687, 689, an action was brought by one stockholder alone concerning rights of stock common to all stockholders. The interest of this stockholder did not equal the jurisdictional requirement and an intervention of others having the same interest in the stock was not allowed as the court held that "each spoke in his several right." The action was dismissed for want of jurisdiction.

The development of the class suit principle was for the benefit of those claimants who, having a good cause of action in themselves, could not avail themselves of it because of the requirement of the joining of others whom it was impracticable to join. Its purpose was not to restrict his remedy and deprive him of an individual cause of action theretofore enjoyed.

The test in the present case is whether the present plaintiff, if he had owned sufficient stock in his own right to satisfy the jurisdictional requirement, could have brought suit in his own name alone to compel the declaration and payment of the dividend. If he could, then his interest is a separate interest and the action does not fall within Rule 23(a) (1).

I am of the opinion that the action does not fall within Rule 23(a) (1).

The plaintiff urges that even if the present action is not classified as a "true" class action under Rule 23(a) (1), yet still this court has jurisdiction under the doctrine of McDaniel v. Traylor, 196 U.S. 415, 25 S.Ct. 369, 49 L.Ed. 533; Id., 212 U.S. 428, 29 S.Ct. 343, 53 L.Ed. 584, and Sovereign Camp, Woodmen of the World v. O'Neill, 266 U.S. 292, 45 S.Ct. 49, 69 L.Ed. 293.

The Traylor case, 196 U.S. 415, 25 S.Ct. 369, 373, 49 L.Ed. 533, was stated by the court as "exceptional in its facts, and may be disposed of without affecting former decisions." In that case a conspiracy was alleged whereby some thirty creditors of one heir-at-law were enabled by the fraudulent cooperation of another heir-at-law, who was also an executor of a decedent, to have all the claims of the various creditors proved against the estate of the decedent, and fraudulently to obtain the order of a probate court that the claims were liens against the decedent's real estate, in which real estate the plaintiffs had an interest. The action was to set aside the judgments as fraudulent and remove them as clouds upon the title. No individual claim, or judgment thereon, was sufficient in amount to give the court jurisdiction. The circuit court had dismissed the action because of its failure to involve a jurisdictional amount. The Supreme Court said that by the fraudulent combination and conspiracy the defendants had "so tied their respective claims together as to make them, so far as the plaintiffs and the relief sought by them are concerned, one claim."

The doctrine of McDaniel v. Traylor was followed generally in Sovereign Camp, Woodmen of the World v. O'Neill, supra. It would seem that in both cases the court construed the facts as falling within a "true" class suit. The facts and doctrine of both cases have been spoken of as "peculiar" or "exceptional," and the doctrine has been in no sense extended. The cases have been applied only where the facts seem to have constituted the action as a "true" class action or where the action complained of constituted an abuse of the processes of the courts. Indeed, in Central Mexico Light & Power Co. v. Munch, 2 Cir., 116 F.2d 85, 89, it is said that Sovereign Camp, Woodmen of the World v. O'Neill, supra, was confined by Di Giovanni v. Camden Fire Ins. Ass'n, 296 U.S. 64, 56 S.Ct. 1, 80 L.Ed. 47, to the latter question.

It is true that in the present case the complaint alleges that the failure to declare and pay the dividends on the old preferred stock was part of a conspiracy to

[7] Cratty v. Peoria Law Library Ass'n, 1906, 219 Ill. 516, 76 N.E. 707, 708; O'Neall Co. v. O'Neall, 1940, 108 Ind. App. 116, 25 N.E.2d 656; Casson v. Bosman, 1946, 137 N.J.Eq. 532, 45 A.2d 807; see cases cited in Annotation 55 A.L.R. 135, fn. 357; 1 Morawetz on Corp. (2d Ed.), Sec. 447.

compel the surrender of such stock and its exchange for new preferred stock. The complaint also alleges that in the failure to declare and pay the dividends the corporation, its officers and directors are guilty of bad faith, oppressive conduct and wilful abuse of discretion. This language or something equivalent or approximating thereto would be requisite for this court, if it had jurisdiction, to substitute its own judgment for that of the directors and compel the declaration of dividends where the directors had declined to do so. This language of the complaint, however, is not sufficient to convert the severable nature of the plaintiff's claim into a joint cause of action with others and to vest this court with a jurisdiction which it would not otherwise have. The language of the complaint does not, I think, make the doctrine of McDaniel v. Traylor applicable.

Without passing upon the other grounds assigned, and for the reasons herein stated, the complaint must be dismissed for want of jurisdiction.