GREATER HARTFORD FREE BRIDGE ASSOCIATION, Benjamin H. Manheim, Individually, and doing business as Lincoln Auto Supply Co.

v.

GREATER HARTFORD BRIDGE AUTHORITY.

Civ. A. No. 7460.

United States District Court
D. Connecticut.

Nov. 7, 1958.

Leo Parskey, Hartford, Conn., for plaintiffs.

John J. Kenny, Hartford, Conn., for defendant.

J. JOSEPH SMITH, Chief Judge.

Plaintiffs, a bridge user and taxpayer of Hartford, and an alleged unincorporated association of bridge users, sue to enjoin the collection of tolls on Bulkeley Bridge, formerly a free bridge, and for a declaration of invalidity of Public Act 508 of the 1955 Public Acts of the Connecticut General Assembly, creating the Bridge Authority. Plaintiffs assert jurisdiction in this court under 28 U.S.C. § 1331 and 1337.

Plaintiffs apparently concede that some tolls could be collected [cf. City of St. Louis v. Cavanaugh, 357 Mo. 204, 207 S.W.2d 449], but contend that the tolls set are unreasonable and that federal law was violated by construction of the toll plaza and setting of the tolls without prior approval of the Secretary of the Army.

Defendant Bridge Authority moves to dismiss for lack of jurisdiction.

So far as claim is made under 28 U.S. C. § 1331, an amount in controversy over $10,000 must be shown.

■ The amount of tolls expected to be paid by each plaintiff during the period of litigation is the measure here of amount in controversy. Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248; Clark v. Paul Gray, 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001; Fletcher v. Gerlach, D.C., 7 F.R.D. 616. Plaintiff Manheim expects to pay tolls of some $300 a year. Other tollpayers may not by joining an association, aggregate the amount of their claims. Hague v. C. I O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423. There is no showing that any individual has an amount in controversy over $10,000. Nor does the plaintiff association have any privileges or immunities protected by the 14th Amendment, the protection of the privileges and immunities clause being confined to natural persons. Hague v. C. I. O., supra, 307 U.S. at page 514, 59 S.Ct. at page 513.

■ So far as claim is made under 28 U.S.C. § 1337 based on interpretation of a federal statute, no individual right in the plaintiffs is created by the general bridge statutes, 33 U.S.C.A. §§ 491–498b, if applicable to this bridge, by virtue of the reservation of power to alter, amend and repeal, in the Public Act authorizing its construction, 32 Stat. 836, and the provisions of 33 U.S.C.A. § 498b. The restrictions on bridge design are for the benefit of navigation, which can hardly be affected by the construction of the toll plaza, and the restrictions on toll charges, if applicable, are for the benefit of the users of the bridge as members of the traveling public, and are enforceable in the first instance solely through the Secretary of the Army. Plaintiffs have no standing to bring this action on behalf of the public. To establish jurisdiction over the interpretation of a federal statute, a justiciable controversy must exist between these plaintiffs and this defendant. This requires a showing of special damage to these plaintiffs as dis-

246

tinguished from damage to the public generally. This does not appear from the complaint. Compare Ex Parte Levitt, 302 U.S. 633, 58 S.Ct. 1, 82 L.Ed. 493 and Lawless v. Duval County, D.C. S.D.Fla., 6 F.Supp. 303. Even if the plaintiffs were held to be proper parties to attack the reasonableness of the tolls, the Court could not pass upon the question before the Secretary of the Army has had a chance to act upon it.

So far as the action is based on the claimed constitutional invalidity of the exaction of the toll, the amount in controversy being less than $10,000 the recourse of plaintiffs, if any, is to the State Courts. Neither their claim nor the claimed violation of the Bridge Act may be litigated by these plaintiffs in this court at this time.

The motion to dismiss the complaint is granted and it is so ordered.