STATE of Missouri ex rel. Norman H. AN-
DERSON, Attorney General, acting also
on behalf of a class of toll payers, and the
State Highway Commission of Missouri,
Appellants,

v.

The CITY OF MADISON, Illinois, a munici-
pal corporation, and Jerry S. Maerac (or
John Majaski or Pete Macek or Steve
Knezevick or Vincent Huckla or Ronald
Bushleff, Sr., or either of them) as repre-
sentative of the class constituting the toll
collectors on the Chain of Rocks Bridge
and employees of the City of Madison, Illi-
nois, Respondents.

No. 53703.

Supreme Court of Missouri,
Division No. 1.

Sept. 8, 1969.

John C. Danforth, Atty. Gen., John E. Park, Asst. Atty. Gen., Jefferson City, for appellants.

William R. Gartenberg, Harold L. Satz, Theodore D. Ponfil and Satz & Ponfil, St. Louis, and John Gitchoff, Granite City, Ill., for respondent, City of Madison.

WELBORN, Commissioner.

The State of Missouri, "on behalf of that class of persons who have paid or are pay-ing tolls on the Chain of Rocks Bridge, ex-tending from the City of St. Louis into the State of Illinois," and the Missouri State Highway Commission, brought suit in the St. Louis Circuit Court against the City of Madison, Illinois, owner of the bridge, al-leging that Madison was collecting illegal and excessive tolls from users of the bridge. The petition asserted that Madison had col-lected $7,000,000 in tolls above the amount which it might legally collect. The petition sought to enjoin collection of further tolls, the payment of $7,000,000 by Madison into the registry of the court for the distribu-tion to toll payers entitled to return of their payments and for the appointment of a receiver to take charge of tolls collected on the bridge.

On the date the petition was filed, July 27, 1966, the court entered a temporary re-straining order, enjoining the City of Madison from collection of further tolls and appointed a receiver to collect tolls until further order of the court. The pe-tition and summons were served, in St. Louis, upon employees of Madison who were toll collectors at the bridge. The re-straining order was also served upon them. The petition prayed for a writ of attach-ment, but none was issued.

On August 1, 1966, the Madison City Council passed a resolution suspending the imposition of tolls for the Chain of Rocks Bridge, pending "an investigation by the United States Army District Engineers at St. Louis, Missouri, of the tolls and finan-cial condition of said Bridge." In response to this action, the St. Louis Circuit Court,

on August 3, 1966, instructed its receiver to discontinue the collection of tolls. On September 20, 1966, the Madison City Council passed a resolution, eliminating tolls on the bridge permanently, subject to the right to request the Secretary of the Army to reinstate tolls in the event of future need or necessity.

A hearing was set for August 16, 1966 on the request for a temporary injunction. On that date, the attorney for plaintiffs and the City Attorney of the City of Madison appeared and agreed to a continuance and resetting of the order to show cause, with the temporary restraining order to remain in effect.

With the exception of the filing of petitions for intervention on behalf of several truck lines seeking the refund of some $175,000 tolls allegedly collected from them illegally, which petitions were never acted upon, no activity in the litigation appeared until January 18, 1968, when motions were filed on behalf of the City of Madison, seeking to set aside its entry of appearance in the lawsuit. A hearing on this motion was held before Judge Mayfield, who had not been involved in the earlier proceedings in the St. Louis Circuit Court. Judge Mayfield, on his own motion, questioned the court's jurisdiction over the subject matter of the litigation. He pointed out, among other things, that questions of reasonableness of tolls should, under the Acts of Congress authorizing construction of the bridge, be determined originally by the Secretary of the Army. At the conclusion of the hearing, the court entered the following order:

"On the Court's motion cause dismissed with prejudice on the grounds that the Court lacks jurisdiction over the subject matter herein.

"The Court refrains from ruling on defendant's City of Madison, Ill. motion to vacate * * *."

The plaintiffs appealed from the judgment entered pursuant to this order.

On this appeal the appellants' "POINTS RELIED ON" are as follows (omitting citations under subparagraphs A and B):

"I.

"The ruling of the Circuit Court of the City of St. Louis, Missouri, that it lacked jurisdiction over the subject matter of this lawsuit is erroneous.

"A.

"A request for a continuance is an Entry of Appearance on the part of a defendant and confers jurisdiction over such defendant.

"B.

"Suits against nonresidents can be instituted by attaching their property located in the State of Missouri.

"C.

"Service of process in Missouri on employees and agents of the defendant, City of Madison, confers jurisdiction of the court over all the parties defendant and the subject matter of this lawsuit.

"The City of Alton, Appellee, v. The County Court of St. Charles County, Missouri, et al., 16 Ill.2d 23, 156 N.E.2d 531 (1959);

"People ex rel. Hoagland v. Streeper, 12 Ill.2d 204, 145 N.E. 625 (1957)."

Appellants' position, stated in their brief, is as follows:

"The precise point presented to this Court for decision is whether or not the Circuit Court of the City of St. Louis, Missouri, has jurisdiction over the subject matter of this lawsuit. It is plaintiffs' contention that where a foreign political subdivision, such as the City of Madison, Illinois, acquires title to a bridge facility within the State of Missouri, and operates said facility as a proprietory enterprise, it is amenable to the jurisdiction of the Circuit Court of Missouri, which process is com-

pleted where such defendant enters a general appearance or where service is had by attachment or personal service on employees and agents of said political subdivision. It is further contended that such service or entry of appearance and actual notice of the proceeding is sufficient to invest such circuit court with jurisdiction to render judgment against the defendant city in rem or in personam."

It is obvious from both the statement of POINTS RELIED ON and of their position that appellants equate jurisdiction over the person, not decided by the trial court, with jurisdiction over the subject matter, found lacking by that court. The burden of the appellants is to show that the trial court was wrong in the ruling that it made, not that it might have been wrong had it made its ruling on another basis. A court of this state might well have acquired jurisdiction over the City of Madison as a result of the latter's operation of a toll bridge extending into the state. However, what the St. Louis Circuit Court said was that it could not acquire jurisdiction of the particular issue tendered by plaintiffs' petition, that is, the legality and reasonableness of the tolls charged. If the trial court is to be held to have been in error, the burden is upon appellants to demonstrate that its conclusion on this issue was erroneous. In support of its contention that the trial court had jurisdiction over the subject matter, the appellants have cited two Illinois cases, in which it was held that the courts of that state did have jurisdiction of the subject matter of the case there involved. The cases of City of Alton v. County Court of St. Charles County, Missouri, 16 Ill.2d 23, 156 N.E.2d 531, and People ex rel. Hoagland v. Streeper, 12 Ill.2d 204, 145 N.E.2d 625, did involve a dispute over action in an Illinois court affecting an interstate bridge owned by a Missouri political subdivision and eventually by the State of Missouri. However, the basic complaint of the City of Alton was that tolls were to be removed, not that tolls charged were illegal or unreasonable.

In the present case, the circuit court based its ruling, in effect, on the recognized doctrine of exhaustion of administrative remedies. See McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 1662–1663, 23 L.Ed.2d 194 [3–5] [6]. The doctrine was applied to a dispute involving a claim such as this in the case of Greater Hartford Free Bridge Association v. Greater Hartford Bridge Authority, 172 F.Supp. 244, affirmed 265 F.2d 656, 2d Circuit. As pointed out in that case, Federal statutes which control the construction and operation of bridges across navigable waters, 33 U.S.C.A. §§ 491–498b, confer authority upon the Secretary of the Army to pass upon the reasonableness of tolls charged users of such structures. Judicial relief is not available until the administrative remedy has been first exhausted. The Hartford case is cited by respondents in their brief. No reply brief was filed on behalf of appellants, showing why the trial court was in error in applying the doctrine in this case.

The appellants have not shown that the judgment below was erroneous.

Judgment affirmed.

HOUSER, and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

SEILER, P. J., and STORCKMAN, J., and HENLEY, Alternate J., concur; HOLMAN, J., not sitting when cause was submitted.