**Thomas P. KNAPP et al.**

v.

**BANKERS SECURITIES CORPO-
RATION et al.**

**Civ. A. No. 16159.**

United States District Court,
E. D. Pennsylvania.

Dec. 30, 1954.

**246**

Samuel H. Landy, Freedman, Landy & Lorry, Philadelphia, Pa., Eugene J. Keogh, Halpin, Keogh & St. John, New York City, for plaintiffs.

Bernard G. Segal, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., Foltz, Bard, Kamsler, Goodis & Greenfield, Philadelphia, Pa., for defendants.

KIRKPATRICK, Chief Judge.

1. Motion of certain directors to intervene.

■ The addition of the New York directors as parties will not affect the diversity jurisdiction of the Court. Concededly, the allowance of their motion to intervene is discretionary. These directors have been charged with acts of bad faith and malfeasance in office, and although it may be assumed that they would be vigorously defended by those of their colleagues who have been sued, I think that they are entitled to be in the case as parties if they so desire. I can see no likelihood of delay, confusion or any other procedural disadvantage arising from intervention and the motion will be allowed.

2. Defendants' motion for security for costs.

 It may be true, as the defendants argue, that the purpose and policy of security-for-costs statutes generally are broad enough to include a case like the present one, but considerations of policy are not sufficient to change the plain wording of a statute, and the Pennsylvania statute, a carefully drawn enactment, is so plainly limited to derivative actions—suits brought "to enforce a secondary right * * * because such corporation refuses to enforce rights which may properly be asserted by it" 12 P.S.Pa. § 1321—that the only question is whether the right to have a dividend declared is one which can possibly belong to or be asserted by the corporation. The authorities are all to the contrary except the single New York case of Gordon v. Elliman, 306 N.Y. 456, 119 N.E.2d 331. I have carefully considered both the majority and dissenting opinions in that case and, in view of the very full and thorough discussion, deem it unnecessary to say more than that I agree with the dissent.

3. Defendants' motion to dismiss on the ground that the complaint fails to state sufficient facts to comply with Rule 23(a).

 The allegations of the complaint were plainly drawn with the purpose of bringing the case within the definition of a class action set out in Rule 23(a), and the plaintiff contends that it is a "true" class action of the

group described in Subsection (1) of that rule. In Giesecke v. Denver Tramway Corp., D.C., 81 F.Supp. 957, 961, Judge Rodney had before him a case almost exactly like the present one and held, in a carefully considered opinion, that the action did not fall within Rule 23(a) (1). He applied the rule adopted by the Court of Appeals for this circuit from Moore's Federal Practice that a true class action is " 'one wherein, but for the class action device, the joinder of all interested persons would be essential.' " The argument of the plaintiff based on the distinction between rights held jointly and rights held in common and leading to his conclusion that Judge Rodney misunderstood the rule adopted by the Court of Appeals, is an interesting one, but I do not think it can stand against what appears to be the plain intendment of the Court of Appeals decision, which was to lay down the simple, practical and workable test supplied by taking the word "essential" as commonly used and understood and avoiding the artificial and often misleading terminology involved in "necessary" and "indispensable". It is too well established to question now that a single stockholder may maintain an action against the directors of a corporation to compel the declaration of a dividend. He need not in such an action attempt "the joinder of all interested persons", namely, other stockholders. They are not essential, in the ordinarily accepted and well understood meaning of that word. I shall follow the rule laid down by Judge Rodney and hold that the present action is not a true class action. It follows that the claims cannot be aggregated to make up the jurisdictional amount.

■ Judge Rodney dismissed the Giesecke complaint upon the ground of jurisdiction. However, in the present case it appears that the amount claimed by some of the plaintiffs is certainly in excess of $3,000, with the result that this complaint cannot be dismissed on jurisdictional grounds.

### 4. Plaintiffs' motion to strike affidavits of Murry C. Becker and others.

■ The plaintiffs, in my judgment, plead facts which, if true, are sufficient to maintain the suit as a class action—not a true class action but a spurious one.

The complaint states that the plaintiffs sue in behalf of "all preferred and common stockholders * * * similarly situated." In the absence of anything which would divide each class of stockholders into subclasses (as for example various priority and preference provisions under which some stockholders might be entitled to a dividend and others not) the statement amounts to an allegation that the plaintiffs are suing in behalf of all preferred and common stockholders, except the director-stockholders who are being sued i. e. all common and preferred stockholders who, like the plaintiffs, are entitled to a dividend. The fact that some of them may not want a dividend declared does not make them differently situated from the plaintiffs. There is nothing in the complaint to limit the class nor is there anything to qualify the allegation that the stockholders represented by the plaintiffs are so numerous as to make it impractical to bring them all before the Court. These allegations of the complaint are sufficient to sustain the action as a spurious class action.

■ The defendants have submitted affidavits which challenge the allegations as to the actuality of the class representation alleged. The plaintiffs move to strike the so-called "substantive" parts of these affidavits which set forth the facts given by the affiants as their reasons for not accepting the plaintiffs' representation of them. These "substantive" parts raise a number of issues including the good faith of the plaintiffs and the truth or falsity of the facts pleaded as a basis for the plaintiffs' action. In so far as they allege that plaintiffs do not represent the affiants, the af-

fidavits are, of course, pertinent and proper. Of course, the Court cannot now try the merits of the case on affidavits. In view of the fact that the plaintiffs concede the one relevant fact, namely, that they do not represent the affiants, those portions of the affidavits giving the reasons for and the facts upon which the affiants base their assertions will be stricken.

The questions whether the plaintiffs' representation of the class will be adequate and whether in fact the plaintiffs do represent anyone beside themselves probably overlap to some extent. They are not passed on at this time. The Court feels that both the plaintiffs and the defendants should have opportunity to argue the question and present such other matters to the Court as they deem appropriate.