Thomas P. KNAPP et al.

v.

BANKERS SECURITIES CORPORATION et al.

Appeal of Bankers Securities Corporation.

No. 11613.

United States Court of Appeals Third Circuit.

Argued Jan. 16, 1956.

Decided March 15, 1956.

---

Bernard G. Segal, Philadelphia, Pa., (Gilbert W. Oswald, Edward W. Mullinix, Philadelphia, Pa., (Samuel D. Goodis, Folz, Bard, Kamsler, Goodis & Greenfield, Philadelphia, Pa., Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., on the brief), for appellant.

Samuel H. Landy, Philadelphia, Pa. (Charles Lakatos, Martin J. Vigderman, Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellee.

Before MARIS, McLAUGHLIN and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

The question which this appeal presents is whether a shareholders' action against the corporation and its directors to compel the declaration of dividends is a suit to enforce a secondary or derivative right on the part of the shareholders within the meaning of the Pennsylvania security for costs statute.[1]

■ The present action was brought in the district court for the eastern district of Pennsylvania by shareholders, New York residents, against the Bankers Securities Corporation, a Pennsylvania corporation, and its directors, charging that Albert M. Greenfield, one of the directors and the majority shareholder, and the other directors were acting unreasonably in failing to eliminate accumulated arrearages of dividends of approximately $3,000,000 on the common stock in order that the preferred and common stockholders might participate in the earnings of the corporation, that the distribution of earnings was being arbitrarily withheld for the benefit of the majority shareholder, and that for not making proper distribution of surplus earnings the corporation might be subjected to the imposition of a surtax under the Internal Revenue Code. Before filing an answer the defendant corporation moved for an order requiring the shareholders to furnish security for costs pursuant to the Pennsylvania statute. The district court held the statute inapplicable to this action and denied the motion. D.C., 17 F.R.D. 245. This appeal by the defendant corporation followed.[2]

■ The Pennsylvania statute, under which the defendant corporation seeks security for costs, is applicable to diversity suits within its scope brought in the federal district courts in Pennsylvania.[3] It provides that a corporation shall be entitled to security for reasonable expenses, including attorney's fees, which may be incurred or assessed against it in connection with a suit brought by holders of less than five per cent of the outstanding shares of any class of stock "to enforce a secondary right on the part of one or more shareholders against any officer, or director * * * of a corporation, * * * because such corporation refuses to enforce rights which may properly be asserted by it." The shareholders in this case hold less than five per cent of the corporation's stock and therefore if they seek by the present suit to enforce a secondary right which might properly be asserted by the corporation their suit would come within this statute.

■ The defendant corporation urges that a shareholder's suit to compel the declaration of dividends does seek to enforce a secondary or derivative right and it relies as authority for this proposition upon the decision of the Court of Appeals of New York in Gordon v. Elliman, 1954, 306 N.Y. 456, 119 N.E.2d 331, a decision in which the court was closely divided, four judges holding that a shareholder's action to compel the declaration of dividends is derivative so as to

1. Act of April 18, 1945, P.L. 253, 12 P.S. Pa. §§ 1321–1323.

2. The order was appealable. Cohen v. Beneficial Indus. Loan Corp., 1949, 337 U.S. 541, 546–547, 69 S.Ct. 1221, 93 L. Ed. 1528.

3. Cohen v. Beneficial Indus. Loan Corp., 1949, 337 U.S. 541, 555–557, 69 S.Ct. 1221, 93 L.Ed. 1528.

require security under the New York statute and three judges dissenting. No case has been called to our attention in which the Pennsylvania courts have passed upon this precise question. Since as presented in the present case the question is solely a matter of the scope and applicability of a Pennsylvania statute, we must decide it in the light of such Pennsylvania authority as we find helpful in the absence of direct authority on the point.[4]

It is an elementary principle of corporation law that the declaration of dividends out of net profits rests in the discretion of the board of directors.[5] However, there are circumstances under which shareholders may compel the declaration of dividends. If directors have acted fraudulently or arbitrarily in refusing to declare a dividend when the corporation has a surplus which it can divide among the shareholders without detriment to the business, a shareholder may invoke the equitable powers of a court for relief.[6] It is just such equitable power which the plaintiffs seek to invoke in this case. The question then is whether in such an action the shareholder is seeking relief from a personal wrong done to him and thus is enforcing a primary or personal right of his own or is seeking to redress a wrong done to the corporation and thus is enforcing a secondary right derived from the corporation.

It is established in Pennsylvania as elsewhere that a suit against directors for misfeasance or misappropriation of corporate property is not one which can be maintained by the shareholder in his individual capacity but that in such a suit he acts for the corporation in seeking damages or restitution of corporate property and the suit is therefore derivative in nature. Kelly v. Thomas, 1912, 234 Pa. 419, 83 A. 307, 51 L.R.A.,N.S., 122. And it is also well established in that state that a shareholders' derivative suit is to be regarded as quite distinct from an action seeking relief for individual shareholders. Hornsby v. Lohmeyer, 1950, 364 Pa. 271, 72 A.2d 294. In a secondary or derivative suit the complaining shareholder brings before the court the corporation's cause of action and it is the corporation which is the real party in interest.[7] It is the rights of the corporation which are sought to be vindicated[8] and restitution is made directly to the corporation by the entry of a judgment in its favor.[9] The rationale of the rule is explained by the Supreme Court of Pennsylvania in Beeber v. Wilson, 1926, 285 Pa. 312, 316, 131 A. 854, 855–856, as follows:

"To permit each individual stockholder to sue for his supposed proportion of corporate assets would be intolerable. Only by payment to the corporation itself can creditors be fully protected. If every minority stockholder could sue in his own name for his supposed proportionate share of a fund alleged to be illegally withheld from the corporation, an innumerable number of suits might result * * *, some of which might be won and others lost by the respective shareholders. When plaintiff became a stockholder he knew, for he was bound to know, that his rights, as such, would have to be worked

---

4. Murdock v. Follansbee Steel Corp., 3 Cir., 1954, 213 F.2d 570; Kroese v. General Steel Castings Corporation, 3 Cir., 1950, 179 F.2d 760, 15 A.L.R.2d 1117, certiorari denied 339 U.S. 983, 70 S.Ct. 1026, 94 L.Ed. 1386.

5. Pennsylvania Business Corporation Law, Section 701, 15 P.S.Pa. § 2852–701; Hopkins v. Union Canvass Goods Co., 1932, 104 Pa.Super. 264, 158 A. 301; Jones v. Motor Sales Co. of Johnstown, 1936, 322 Pa. 492, 185 A. 809, 811.

6. Jones v. Costlow, 1944, 349 Pa. 136, 36 A.2d 460.

7. Koster v. Lumbermens Mutual Cas. Co., 1947, 330 U.S. 518, 522–523, 67 S.Ct. 828, 91 L.Ed. 1067.

8. Cohen v. Beneficial Indus. Loan Corp., 1949, .337 U.S. 541, 548, 69 S.Ct. 1221, 93 L.Ed. 1528.

9. Price v. Gurney, 1945, 324 U.S. 100, 105, 65 S.Ct. 513, 89 L.Ed. 776.

out through the corporation, and not in his individual name. McAleer v. McMurray, 58 Pa. 126, 128; Craig v. Gregg, 83 Pa. 19; White v. First National Bank of Pittsburgh, 252 Pa. 205, 97 A. 403. As said in the last cited authority ([252 Pa. at] pages 213–214, 97 A. 405): 'The difficulty with the plaintiff's case is that he has failed to show any injury to himself apart from the injury to the corporation, in which he is a stockholder.' "

We think, however, that under the law of Pennsylvania a shareholders' suit to compel the declaration of a dividend must be regarded as brought to vindicate a primary and personal right of the shareholders and not to enforce a secondary right derived from the corporation as the real party in interest. We are compelled to reach this conclusion when we consider who is the injured party, the shareholder or the corporation, and who will be benefited if the action is brought to a successful conclusion.

The right to dividends is an incident of the ownership of stock.[10] The fact that the distribution of profits cannot ordinarily be enforced until after a dividend has been declared does not detract from the shareholders' fundamental right to share in the net profits of the corporation. This right is the basis of his suit to compel the declaration of dividends. If the directors have wrongfully withheld the declaration of dividends the shareholder is the injured

party. He shows an injury to himself which is quite apart from any which the corporation might be thought to suffer.[11] Even if the corporation might under some circumstances have a right of action [12] that fact would not affect the authority of its shareholders to enforce by suit their personal and individual rights to the declaration of a dividend.

It is suggested that the right here asserted must be regarded as one vested in the corporation because the mechanics of relief have to be worked out by a decree against the directors rather than against the corporation. Our answer to this proposition was made by Judge Goodrich in Kroese v. General Steel Castings Corporation, 3 Cir., 1950, 179 F.2d 760, 763–764, 15 A.L.R.2d 1117, when he said:

"It is to be observed that when a court steps in and orders the payment of a dividend, the corporate affairs have reached the point where the judgment of the directors is no longer controlling. The set of facts presented is such that the court substitutes its judgment, based on a rule of law, for the ordinary business judgment of those in charge of the business enterprise. * * *

"In such a case, even though the individual directors are joined as parties, they are not called upon to exercise any business discretion. The case has passed that point. As said before, the court is declar-

---

10. In re Goetz's Estate, 236 Pa. 630, 635, 85 A. 65.

11. White v. First National Bank of Pittsburgh, 1916, 252 Pa. 205, 213–214, 97 A. 403, 405. And see Stevens v. United States Steel Corporation, 1905, 68 N.J. Eq. 373, 376, 59 A. 905, 906, in which the court in an action to compel the declaration of dividends said: "The corporation is not injured by the retention of profits among its assets which might be distributed, and thus become the private, separate property of the stockholders. On the contrary, the corporation is enriched. The object of this suit is not to compel

directors to do or refrain from doing something for the benefit of the corporation, but to do something for the benefit of the complaining stockholder which may be disadvantageous to the corporation."

12. Compare Lydia E. Pinkham Medicine Co. v. Gove, 1939, 303 Mass. 1, 20 N.E. 2d 482, with Green v. Philadelphia Inquirer Co., 1938, 329 Pa. 169, 174, 196 A. 32, 34, in which the court said: "Her remedy, in case she was dissatisfied with the corporation's dividend policy * * * would have been the remedy of any other stockholder, a suit against the company and its directors."

ing rights protected by a rule of law, not calling upon the directors to exercise judgment. \* \* \* The duty of a corporation to pay dividends then and there has been imposed by the judgment of the court, not by the ayes and nays of the members of the board. The situation becomes in substance the same as that in which any corporate creditor sues the enterprise in the corporate name to recover from it what it owes him; he does not need any meeting of the corporation's board to make his judgment good. Nor does a shareholder whose claim to dividends is based on his showing of fiduciary mismanagement need a directors' meeting to make his rights good. The judgment of a court is enough in either case."

It is equally clear that the successful outcome of a suit such as the one before us will benefit only the shareholders. The defendant corporation suggests that such an action is for the benefit of the corporation in the sense that it is in the interest of the corporation that it be well managed and have a good dividend policy. We do not think that this highly theoretical benefit can outweigh the obvious disadvantage to the corporation of losing the cash which if not distributed to the shareholders would remain available for use in the conduct of the corporate business. Certainly it cannot be a benefit to a corporation, as such, to lose assets, even to its shareholders.

██ Since the suit before us cannot be regarded under Pennsylvania law as one to enforce a secondary or derivative right on the part of the plaintiffs which might properly have been asserted by the defendant corporation[13] it is not within the scope of the Pennsylvania

statute which by its clear language is limited to such suits. We do not think that the Pennsylvania courts would follow the reasoning of the majority of the Court of Appeals of New York in Gordon v. Elliman to the contrary. We, therefore, conclude that the district court did not err in denying the defendant corporation's motion for security for costs under the statute.

The order of the district court will be affirmed.

---

[13] In accord with our views are 3 Moore's Federal Practice, 2d ed., p. 3509; Ballantine on Corporations, rev. ed. 1946, § 234; Stevens on Corporations, 2d ed. 1949, pp. 785–786; Reader, Suits against Corporations, Purdon's Pennsylvania Statutes Annotated, Tit. 12, §§ 1221–1820, pp. 1–3.