**Thomas P. KNAPP et al.**

v.

**BANKERS SECURITIES CORPORA-TION et al.**

**Civ. A. No. 16159.**

United States District Court
E. D. Pennsylvania.
Sept. 19, 1956.

**516**

Freedman, Landy & Lorry, Philadelphia, Pa., Halpin, Keogh & St. John, New York City, for plaintiffs.

Schnader, Harrison, Segal & Lewis, Folz, Bard, Kamsler, Goodis & Greenfield, Philadelphia, Pa., for defendants.

KIRKPATRICK, Chief Judge.

Both parties apparently now wish the Court to dispose of the pending motion to dismiss for failure to comply with the provisions of Rule 23(a), Fed.Rules Civ. Proc. 28 U.S.C. a matter not passed on in the earlier opinion, D.C., 17 F.R.D. 245.

The amended complaint contains the allegation that it was filed by the plaintiffs "acting on their own behalf and on behalf of all preferred and common stockholders of Bankers Securities Corporation similarly situated." The motion to dismiss raised two questions: first, whether the amended complaint sufficiently pleaded a cause of action under Rule 23(a), and, second, whether, if it did, the plaintiffs are in fact representatives of a class which would entitle them to proceed under Rule 23(a).

At the earlier hearing, the Court held that the fact that some of the stockholders did not desire to have dividends declared did not take them out of the class of stockholders "similarly situated", and that when the plaintiffs stated that they represented all of the stockholders, they had properly pleaded the existence of a class so numerous as to make it impracticable to bring them all before the Court. I expressly reserved the question of fact raised by the second part of the motion, namely, whether or not the plaintiffs did, actually, represent the class which they said they did, that is, all stockholders entitled to a dividend. At that time I stated that the plaintiffs "should have opportunity to argue the question and present such other matters to the Court as they deem appropriate." No further facts have been presented to the Court since that opinion was filed, and I must decide the question upon the complaint, taken in connection with the relevant portions of certain affidavits filed by five stockholders representing 55% of the common stock and 40% of the preferred stock. These affidavits establish (and the plaintiffs concede) that the plaintiffs do not represent, either adequately or otherwise, *all* stockholders of the corporation as stated in the complaint. True, the plaintiffs would not be out of court simply because the persons they represent may be a minority of the whole class, but they must still show that they represent stockholders other than just themselves and that those whom they do represent are so numerous as to make it impracticable to bring them before the Court. The plaintiffs have not done that. They have done no more than to file a complaint stating that they represent all the stockholders—a statement which, if true, would have sustained the action but which now appears to be very far from the truth. There is, therefore, nothing before me from which I can determine whether the plaintiffs represent a large enough number of stockholders to meet the requirements of Rule 23(a) or how numerous those for whom they appear are, or whether they constitute a class at all. Consequently, having failed to bring themselves within Rule 23(a), the plaintiffs' action must be dismissed.