Benjamin S. Meyer, J.
By this special proceeding a union member seeks to inspect the financial records of the union. The proceeding was begun by order to show cause and affidavit. A prior motion under section 237-a of the Civil Practice Act to *316 set aside service because of insufficiency of process was denied (23 Misc 2d 334). The present motion attacks the sufficiency of the affidavit (hereafter, as a matter of convenience, referred to as “petition”) to state a cause of action. The motion is granted and the proceeding dismissed.
The petition alleges (1) that examination of the union’s financial books, records and accounts is sought “so as to verify the union’s disbursements and financial transactions ”; (2) that petitioner is and has been for seven years a member in good standing of the union; (3) that on December 21, 1959, he mailed to the secretary-treasurer of the union a letter requesting examination of its financial records; (4) that as of the date of the affidavit (Jan. 20, 1960) no reply to that letter had been received; (5) that section 201-c of the Labor Management Reporting and Disclosure Act of 1959 (IT. S. Code, tit. 29, § 431, subd. [c]) and section 10 of article 23 of the union constitution confer upon petitioner the right to inspect the financial records; and (6) that petitioner seeks to examine the records in order to verify “ what has come to his knowledge upon information and belief” that the officers of the union are receiving salaries in excess of what is provided for under the constitution of the union; that payments have been made from the union treasury without proper authority; that the president of the union has failed to repay a loan made to him by the union and that funds have been disbursed to union officers and others for use in an intra-union election in violation of union policy. Such a petition does not state a cause of action under either the act or the union constitution.
Section 201-c provides that: “Every labor organization required to submit a report under this subchapter shall make-available the information required to be contained in such report to all of its members, and every such labor organization and its officers shall be under a duty * * * to permit such member for just cause to examine any books, records, and accounts necessary to verify such report.”
The duty imposed on the officers and the union is to permit examination by a member, for just cause, to verify a report required to be submitted under the law. Such a duty cannot arise until there has been a demand setting forth the cause and relating the books, records and accounts to a specific report. The determination whether the cause is just or the records necessary for verification of the report in question is, in the last analysis, for the court, but that does mean that the union and its officers are not entitled to have set forth in the demand the information necessary for them to determine on the facts pre *317 seated whether a statutory duty exists. The petition must, therefore, allege such a demand and its refusal, either by word or by conduct. The allegation of the instant petition that some 30 days had elapsed without reply to the demand is sufficient with respect to refusal (Browne v. Hibbets, 290 N. Y. 459, 465). Concerning the demand, however, the petition makes only the bare statement that a demand was made. The demand is not attached as an exhibit, nor is there anything in the petition from which the court can conclude that petitioner seeks to verify a report of any kind required to be filed under any law. It is, therefore, unnecessary to reach the other questions raised by the union: Whether notwithstanding the statutory provision that the duty is ‘ ‘ enforceable at the suit of any member, ’ ’ petitioner must exhaust his union remedies before bringing suit; whether the report referred to must be one made under the 1959 Act (see Senate Reports, No. 187, 86th Cong., 1st Sess., p. 96); whether the allegations on information and belief referred to above sufficiently state “just cause.”
The union constitution, as quoted in the petition, provides that ‘ ‘ Upon written request of any member in good standing the books of the Local shall be open for inspection under the supervision of the Secretary-Treasurer. ’ ’ Petitioner may not enforce that provision in this proceeding, however, both because in the absence of some statutory duty mandamus will not lie against a voluntary unincorporated association which does not derive its charter or the exercise of its functions from the State (People ex rel. Solomon v. Brotherhood of Painters, 218 N. Y. 115, 121; Matter of Weidenfeld v. Keppler, 84 App. Div. 235, affd. 176 N. Y. 562; Matter of Battipaglia, 20 Misc 2d 226; Third Annual Report of the N. Y. Judicial Council, 1937, p. 135, n. 21) and because petitioner does not allege either that he has exhausted the remedies granted him by the union’s constitution or that efforts to do so on his part would be futile (Browne v. Hibbets, supra, p. 466). The cases cited by petitioner are clearly distinguishable; Bell v. Sullivan (183 Misc. 543) because the union constitution in the. instant case contains provisions (art. 11, § 6; art. 16) for appellate remedies in addition to possible punitive measures; Caliendo v. McFarland (13 Misc 2d 183) because the court there found on the facts that because of the demonstrated attitude of union officials ‘‘ Futility, in this course, is clear and definite.”
A short-form order dismissing the proceeding has been signed.