**John G. HAIDUK**

v.

**ATLANTIC INDEPENDENT UNION**
and
**Walter W. Miller, President, Francis Stinger, Secretary, John O'Brien, Treasurer, Edward Kohn, Vice President.**

**Civ. A. No. 30720.**

United States District Court
E. D. Pennsylvania.

Oct. 18, 1962.

242

Joseph H. Lieberman, Philadelphia, Pa., for plaintiff.

J. Charles Short, Philadelphia, Pa., for defendants.

VAN DUSEN, District Judge.

This is an action under 29 U.S.C.A. § 431(c) brought by a member of defendant union to permit him to examine certain union records. Attorney's fees and costs are also requested. The statute in question states, in part:

"Every labor organization required to submit a report under this subchapter shall make available the information required to be contained in such report to all of its members, and every such labor organization and its officers shall be under a duty enforceable at the suit of any member of such organization in any State court of competent jurisdiction or in the district court of the United States for the district in which such labor organization maintains its principal office, to permit such member for just cause to examine any books, records, and accounts necessary to verify such report."

The Complaint alleges that he had good cause to examine certain accounts, that he asked for such examination, and that he was refused permission to see the material he desired. The Complaint also states that the plaintiff is bringing the suit for his own benefit and the benefit of all members of the union, that it is a class action, and that there are common questions of law and fact common to all members involved in the suit (see paragraphs 7 and 8 of the Complaint). The defendants deny, among other things, that plaintiff brings the action on behalf of all the members of the union. After the Answer was filed, a motion to intervene as parties plaintiff was filed by four other members of the defendant union. The Motion, which is now before the court, alleges that the proposed intervenors are in the same class as plaintiff, that they propose and accept the Complaint filed by plaintiff as their Complaint, that they are members of a class represented by plaintiff in this suit, and that they are particularly desirous of intervening because the defendants have alleged that plaintiff is only acting for himself and representation of applicants' interest by plaintiff may be inadequate in that applicants will, or may, be bound by a judgment in this action.

This action is not a true class action. The law of this Circuit is that a true class action is one wherein, but for the class action device, the joinder of all persons interested would be essential.[1] This is not such an action. The most it could be considered is a class action un-

1. Pentland v. Dravo Corporation, 152 F. 2d 851, 852 (3rd Cir., 1945). See Knapp v. Bankers Securities Corporation, 17 F.R.D. 245, 247 (E.D.Pa.1954), aff'd. 230 F.2d 717 (3rd Cir., 1956); Giesecke v. Denver Tramway Corporation, 81 F. Supp. 957, 960–961 (D.Del.1949). See, also, International Ass'n of Machinists v. Street, 367 U.S. 740, 774, 81 S.Ct. 1784, 6 L.Ed.2d 1141 (1961). There is no doubt that the joinder of all union members is not essential. In fact, the wording of 29 U.S.C.A. § 431(c) appears to indicate that it is an individual right. There is no language as is found in other parts of the same act which indicates that any action under the section could be brought on behalf of all members of the labor organization. See, e. g., 29 U.S. C.A. § 501(b).

der F.R.Civ.P. 23(a) (3), which applies when the character of the right sought to be enforced is several, there is a common question of law or fact affecting the several rights, and a common relief is sought.[2] Such actions are considered spurious class actions and intervention in such actions comes under F.R.Civ.P. 24(b) ("Permissive Intervention"). Kaeppler & Son v. James H. Matthews & Company, 180 F.Supp. 691, 695 (E.D.Pa. 1960).

F.R.Civ.P. 24(b) states, in part:

"Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

■■ The Motion To Intervene will be denied, since the applicants have presented no claim of their own which would be precluded by judgment in the original action[3] and it is doubtful whether they have presented any valid claim at all on

the basis of the present record. The proposed intervenors do not allege that they demanded to see the union records and were refused. In order to obtain relief under 29 U.S.C.A. § 431(c), one must allege the demand, just cause for the examination, and a refusal of the demand. Henderson v. Sarle, 23 Misc.2d 315, 197 N.Y.S.2d 920, 922 (Sup.Ct.1960).[4] There is no allegation in the Complaint, nor in the copy of the demand that is attached to defendants' Answer, that the demand made by the original plaintiff was made on behalf of the proposed intervenors.

In addition, the intervention might unduly delay and prejudice the adjudication of the rights of the original parties. The Answer to the Complaint shows that the defendants have certain specific defenses against the present plaintiff, including an allegation that the demand as stated was fulfilled, that the demand was not specific enough, that just cause was not alleged, that the plaintiff was not a member of the union during pertinent periods, etc.

The court cannot assume that the defendants would not comply with 29 U.S.C.A. § 431(c) if the proposed intervenors made the proper demand with just cause. In view of the record, the applicable statute, and the law, the Motion for leave to intervene will be denied.

**2.** Note that a plaintiff who alleges that a class action is being brought must prove that he comes within the terms of Rule 23(a) or his complaint can be dismissed. See Knapp v. Bankers Securities Corporation, 19 F.R.D. 515, 516 (E.D.Pa. 1956) (opinion of Senior Judge Kirkpatrick).

**3.** See Kaeppler & Son v. James H. Matthews & Company, supra, 180 F.Supp. at page 695.

**4.** See, also, Rekant v. Rabinowitz, 194 F. Supp. 194 (E.D.Pa.1961), for an interpretation of the word "verify," as used in this statute, and for an expression as to what constitutes averment of "just cause."

As to the claim that the proposed intervenors may not be adequately represented, see Sam Fox Publishing Co. v. United States, 366 U.S. 683, at page 692 (fn. 4), 81 S.Ct. 1309, at page 1314, 6 L.Ed.2d 604 (1961), where the court stated:

"4. The issue of inadequacy of representation could arise on this phase of the case only on some showing that ASCAP, which ostensibly has the same interests as appellants on this aspect of the litigation, was in fact conducting the litigation in bad faith, collusively, or negligently. No such contention has been made."