**Louis G. ROYSTON et al.**

v.

**EASTERN EMPIRE CORPORA-
TION et al.**

**Civ. A. No. 74–512.**

United States District Court,
E. D. Pennsylvania.

April 17, 1975.

Ewing & Cohen, Philadelphia, Pa., Davis, Katz, Buzgon & Davis, Lebanon, Pa., for plaintiffs.

H. David Rothman, Pittsburgh, Pa., for defendants Studebaker and Winter.

Joseph W. Swain, Jr., Montgomery, McCracken, Walker & Rhodes, Philadelphia, Pa., for defendant Peat, Marwick, Mitchell.

George F. Douglas, Jr., Carlisle, Pa., for defendant John T. Ziegler.

Arlen Specter, Dechert, Price & Rhoads, Philadelphia, Pa., for defendant Eastern Empire Corp.

Erskine, Wolfson, Matzko & Pierson by Daniel B. Pierson, Philadelphia, Pa., for defendants FSI Corp., Harold C. Yates, Paul T. Bynum, Paul W. Miller, Woodrow H. Wilson, Angelo Mantione, Robert H. McCormick, W. J. Shumaker, Louie E. Throgmorton, C. Glenn Fry, Peter T. Dumbauld, Harold W. Brake, William J. Glah and W. Stacy Branum.

**1012**

Andrew E. McColgan, pro se.

Peter Hearn, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant Diversified Growth Corp.

Philip M. Hammett, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant Propert.

White & Williams by Jan E. DuBois, Philadelphia, Pa., for defendants American Diversified, Kinker, Goolsby.

Seymour I. Toll, Philadelphia, Pa., for defendant American Growth Fund, Inc., Thomas C. Fitzgerald, Jr., and Donald E. Burks.

Robert K. Duffy, Hatboro, Pa., for defendant Morris Messer.

Gentle, Fraser & Berthold by Jerry L. Berthold, Atlanta, Ga., for defendant McColgan.

Gregory M. Harvey, Philadelphia, Pa., for defendants Sullivan and Nauman, Smith, Shissler and Hall.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

1. The Complaint named as defendants 5 corporations, a certified public accountant, a lawyer, a law firm, a real estate appraiser, and 18 present or former officers or directors of Eastern Empire.

2. The Complaint alleged violations of the Securities Exchange Act of 1934, § 10(b), 15 U.S.C. § 78j(b), and § 14(a), (d), (e), 15 U.S.C. 78n(a), (d), (e), and Rules 10b–5 and 14a–9 promulgated thereunder 17 C.F.R. §§ 240.10b–5, 240.14a–9.

3. The state law claims included, but were not limited to, failure to hold shareholders meetings, 15 Pa.Stat.Ann. § 1501(B), and general averments of fraud and corporate mismanagement, 15 Pa.Stat.Ann. § 1408.

4. The jurisdiction of the federal courts is limited by Congress. If federal and state claims are joined in a federal action, it is within the discretion of the federal court to determine both the federal and state issues. Massachusetts Universalist Convention v. Hildretti & Rogers Co., 183 F.2d 497 (1st Cir. 1950). There are two general requirements before a state claim can be considered by a federal court pendent to a federal claim.

This is a derivative action brought by four shareholders of Eastern Empire Corporation ("Eastern Empire") against 32 individuals and corporate defendants.[1] In a 37 page complaint devoid of clarity and precision the plaintiffs charge the defendants with various violations of the federal securities laws,[2] as well as numerous state law claims[3] which they seek to have considered pendent[4] to the federal violations. The Complaint alleges that Eastern Empire sustained serious losses[5] as a result of the alleged illegal activity of the defendants, and seeks monetary and injunctive relief.

Presently before the Court are the motions of the defendants to dismiss the Complaint either in its entirety, or with specific regard to claims made against them individually. At least two such motions[6] raise a serious challenge to the standing of these plaintiffs to bring this derivative action.

Rule 23.1[7] of the Federal Rules of Civil Procedure mandates the require-

(1) The federal claim must be sufficient to confer subject matter jurisdiction, Levering and Garrigues Co. v. Morrin, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062 (1933), (2) The state and federal claims must derive from a "common nucleus of operative fact." United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Of course where the federal claim does not meet jurisdictional standards the state claims should also be dismissed. United Mine Workers of America v. Gibbs, supra, at 726, 86 S.Ct. 1130.

5. The Complaint seeks monetary damages in an amount not less than $27,232.00. See Complaint at 36–37.

6. See, Motion of Defendant Diversified Growth Corporation to Dismiss, Motion of Defendant Eastern Empire Corporation to Dismiss.

7. Rule 23.1, Fed.R.Civ.P., provides: In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may

ments of standing in shareholder derivative actions. The essential elements of a derivative action sourced from Rule 23.1 are:

(1) The plaintiff must have been a shareholder at the time of the disputed transaction.

(2) The suit must not be collusive to confer jurisdiction on the federal court.

(3) The complaint must allege with particularity the efforts of the plaintiffs to seek redress of their grievance from the directors or shareholders.

(4) The reasons for the plaintiff's:
    (a) failure to obtain the redress sought, or
    (b) failure to make the effort.

(5) Fair and adequate representation of shareholder interests.

The Court recognizes the importance of derivative actions as a safeguard against the abuses of corporate responsibility. However, the Court is equally mindful of the responsibility of the corporation, absent fraud or bad faith, to run its own affairs through its duly elected board of directors, and not to have that job done by the federal courts.

The rationale for the subsequent development of Rule 23.1 was clearly articulated by the Supreme Court in Hawes v. City of Oakland,[8] 104 U.S. 450, 26 L.Ed. 827 (1881): " . . . before the shareholder is permitted in his own name to institute and conduct a litigation which usually belongs to the corporation, he should show to the satisfaction of the court that he has exhausted all the means within his reach to obtain, within the corporation itself, the redress of his grievances, or action in conformity to his wishes." at 460–461.

With the purpose of Rule 23.1 clearly established, the Court now proceeds to an examination of the plaintiffs' efforts *to comply with its requirements.* The Complaint [9] states the plaintiffs were shareholders at all times pertinent to this action, and the affidavit of Clarence C. McGee attached to the Complaint further attests to his stock ownership throughout the time in question.

However, the Court finds nowhere in the Complaint any allegation that the "action is not a collusive one to confer jurisdiction on a Court of the United States which it would not otherwise have." [10] In and of itself, the absence of such allegation is not fatal to plaintiffs' action, but it is indicative of a failure to be precise and specific.

---

properly be asserted by it, the complaint shall be verified and shall allege (1) that the plaintiff was a shareholder or member at the time of the transaction of which he complains or that his share or membership thereafter devolved on him by operation of law, and (2) that the action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the

right of the corporation or association. The action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders or members in such manner as the court directs.

8. For a discussion of Hawes v. City of Oakland, supra, and its progeny in Rule 23.1 cases and the rule's application in the Third Circuit see, *Rogers v. American Can Co.,* 305 F.2d 297 (3rd Cir. 1967).

9. Complaint, ¶ 42, p. 12 "As more fully set forth above, plaintiffs are and were at the times of the several transactions complaint of herein record and beneficial owners and holders of shares of capital stock of Eastern Empire."

10. See, Footnote 7, *supra.*

■ The next element of a properly filed derivative action is the allegation with particularity of plaintiffs' efforts to remedy the problem of which they complain. The words "allege with particularity" are not those of the Court, but are directly stated in Rule 23.1. Plaintiffs' purported compliance with this requirement is stated as follows: [11]

> Plaintiffs have requested that Eastern Empire's management bring an action to remedy the wrongs done to Eastern Empire but defendants have refused and failed to do so and, since Eastern Empire's Board of Directors and management are dominated by some of the named defendants, further requests for such action would be useless.

No reasonable construction of the words "allege with particularity" could be satisfied by the above quoted language from the Complaint.

The vague and conclusory statements of the Complaint concerning a demand on the board of directors of Eastern Empire and their subsequent refusal to bring suit are wholly inadequate, and inconsistent with the interpretation of the requirements of Rule 23.1 in this Circuit. Landy v. Federal Deposit Insurance Corporation, 486 F.2d 139 (3rd Cir. 1973). In a well reasoned Opinion by Judge Rosenn the Court in Landy v. Federal Deposit Insurance Corporation, *supra,* affirmed the district court's dismissal of the complaint for failure to comply with the requirements of Rule 23.1.

The plaintiffs have failed further to plead with particularity any facts which would otherwise excuse non-compliance with Rule 23.1.

The requirements of Rule 23.1 are more than antiquated remnants of notice pleading. The continued vitality of this rule is evidenced in the words of Judge Hastie:

> The Supreme Court and, following it, the Courts of Appeals have repeatedly stated and applied the doctrine that a stockholder's derivative action, whether involving corporate refusal to bring antitrust suits or some other controversial decision concerning the conduct of corporate affairs, can be maintained only if the stockholder shall allege and prove that the directors of the corporation are personally involved or interested in the alleged wrongdoing in a way calculated to impair their exercise of business judgment on behalf of the corporation, or that their refusal to sue reflects bad faith or breach of trust in some other way. (citations omitted)

Ash v. International Business Machines,[12] 353 F.2d 491 (3rd Cir. 1965).

The Court has discovered some indication in the brief of one of the defendants that after subsequent investigation suits were filed by Eastern Empire against certain defendants named in this action.[13] This not only undercuts plaintiffs' standing to sue derivatively, but

---

11. Complaint, p. 12, ¶ 45.

12. Shareholders of less than 1% of stock of three corporations sued derivatively to enjoin a merger. The district court held the plaintiffs had no standing to sue derivatively absent a showing of fraud or collusion by the board of directors in refusing to bring the action. Ash v. International Business Machines, 236 F.Supp. 218 (E.D.Pa.1964). The Third Circuit affirmed. While factually distinguishable from the case at bar, the legal principal enunciated is at the heart of

this dispute. Rule 23.1 is designed to insure that the managerial decisions of any corporation are made by the board of directors, and unless there is an adequate showing of fraud or collusion by that body, the corporation cannot be sued in its own behalf by shareholders. If it were otherwise shareholder anarchy and strike suits would predominate.

13. See, Defendant Eastern Empire's Motion to Dismiss, p. 37.

also indicates that plaintiffs' failure to comply with the requirements of Rule 23.1 has resulted in duplicative litigation with the consequent added strain on the federal judiciary.

Most recently in this district, Judge Higginbotham followed the long tradition of enforcing the requirements of Rule 23.1, and dismissed a derivative action because the plaintiff failed to plead with sufficient particularity the elements of Rule 23.1. David Kushner v. First Pennsylvania Corporation, et al, Civil Action No. 74–1552 (E.D.Pa. April 8, 1975).

The First Circuit has also upheld the requirements of Rule 23.1. In re Kauffman Mutual Fund Actions, 479 F.2d 257 (1st Cir. 1973) affirmed a dismissal of a derivative suit where plaintiff failed to allege sufficient reasons to excuse a prior demand on the directors.[14] Judge Aldrich's Opinion in the *Kauffman* case aptly states: "Rule 23.1 is not an ordinary, but an exceptional rule of pleading, serving a special purpose, and requiring a different judicial approach . . . it is clear that *'particularity' must appear in the pleading itself*; the

stockholder may not plead in general terms, hoping that, by discovery or otherwise, he can later establish a case. Indeed if the requirement could be met otherwise, it would be meaningless." at 263.[15] [emphasis supplied]. *See also*, Jones v. Equitable Life Assurance Society of the United States, CCH Fed.Sec.L. Rep. ¶ 94, 986 (S.D.N.Y. February 14, 1975).[16]

■ The failure of plaintiffs in this derivative action to comply with the standards of Rule 23.1 leaves the Court no alternative but to dismiss the action. The well reasoned decisions of the Supreme Court as applied in this Circuit hold this to be a proper exercise of the Court's discretion.

■ The issue of standing [17] is the most basic threshold consideration in every case, and the Court finds on the basis of this Complaint, the plaintiffs have no standing to bring this derivative action.

The above shall constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.

---

14. Rule 9(b) Fed.R.Civ.P. provides:
   "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of a person may be averred generally." The Complaint does not state with any particularity the circumstances constituting fraud or mistake.

15. The district court granted the motions of two defendants to dismiss for failure to make demand on the shareholders, and also granted the motion of four defendants to dismiss for failure to make demand on the directors. In re Kauffman Mutual Fund, 56 F.R.D. 128 (D.Mass.1972). The Complaint in the case at bar alleges a demand was made on the directors of Eastern Empire,

but fails to state with sufficient particularity the circumstances surrounding the demand and refusal. In fact the conclusory allegations of the complaint are little better than no demand at all.

16. In the Jones case, a shareholder in a Massachusetts business trust sued the trust alleging violations of the Investment Trust Advisers Act of 1940, 15 U.S.C. §§ 80b–1 et seq. No demand was made upon the trustees because they were dominated and controlled by alleged wrongdoers, and they were named as defendants in the action. The Court dismissed the Jones action for failure to comply with Rule 23.1.

17. Landy v. Federal Deposit Insurance Corporation, *supra*, at 146.