**Enid WALDMAN, derivatively on behalf of First Pennsylvania Mortgage Trust**

**v.**

**Gerard V. CAREY et al.**

**Civ. A. No. 78-2489.**

United States District Court,
E. D. Pa.

June 5, 1979.

Richard D. Greenfield, Bala Cynwyd, Pa., for plaintiff.

Edward F. Mannino, Joseph W. Swain, Robert S. Ryan, Philadelphia, Pa., and Thomas V. Urmy, Boston, Mass., for defendants.

POLLAK, District Judge.

Plaintiff Enid Waldman has brought a derivative action on behalf of First Pennsylvania Trust, a Massachusetts Business Trust of which she is a shareholder. Named as defendants are trustees and officers of the Trust, the First Pennsylvania Corporation and three of its subsidiaries, which were involved in establishing the Trust and providing business advice thereto, and Peat, Marwick, Mitchell & Co., auditors of the Trust. The complaint alleges that the defendants established, managed and audited the Trust with an eye to their own profit rather than the profit of the shareholders of the Trust, and asserts causes of action under Section 14(a) of the Securities Exchange Act, 15 U.S.C. § 78n(a), and under the common law.

The defendants have moved to dismiss on three grounds. First, they assert that plaintiff has failed to make a demand for action upon the trustees of the Trust before instituting this suit, and has failed to allege a reason sufficient to excuse this failure under Federal Rule of Civil Procedure 23.1. Second, they assert that plaintiff has failed, again without excuse under Rule 23.1, to make a demand for action on the shareholders of the Trust before instituting suit. Third, they assert that the complaint fails to state a cause of action under the federal securities laws.

Defendants have also moved to stay discovery pending the outcome of their motions to dismiss. The parties have agreed that disposition of the motion to stay discovery should precede disposition of the mo-

tions to dismiss, for the reason that in the present posture of the case the only discovery immediately appropriate—if any—is discovery related to the question whether plaintiff has alleged facts constituting sufficient excuse for her acknowledged failure to demand action from the trustees.[1]

Plaintiff asserts that she is entitled to seek discovery regarding the relationships, (1) between the trustees and the other defendants, and (2) among the trustees themselves, in order to show that a demand for action made upon the trustees would have been futile. Such a showing, plaintiff contends, would excuse her failure to exhaust internal corporate remedies before instituting this derivative suit. Defendants assert that the decision whether the plaintiff is excused from making a demand upon the trustees or shareholders is to be determined from the face of the complaint unaided by discovery. For the reasons which follow, discovery will be stayed pending the outcome of the motions to dismiss.

■ Federal Rule of Civil Procedure 23.1 requires that the complaint in a derivative action be verified, and that it "allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders . . . ., and the reasons for his failure to obtain the action or for not making the effort." Failure to allege an effort to obtain such action, if no excuse for failure to make the effort is alleged, will result in the dismissal of the action. E. g., *Shlensky v. Dorsey*, 574 F.2d 131 (3d Cir. 1978).

■ Rule 23.1 is designed to preserve the integrity of the corporate decision-making process by insuring that corporate directors or trustees have the opportunity to decide whether or not to enforce a claim of the corporation, and how best to do so. *Hawes v. Oakland*, 104 U.S. 450, 26 L.Ed. 827 (1882); *Landy v. FDIC*, 486 F.2d 139 (3d Cir. 1973), *cert. denied*, 416 U.S. 960, 94 S.Ct. 1979, 40 L.Ed.2d 312 (1974). Where

facts are alleged showing such a demand would be futile, the failure to make such demand will be excused. F.R.Civ.P. 23.1. The purpose of the verification requirement is to discourage suits by plaintiffs who have no reason to believe that the accusations made in their complaints are true. See *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966).

■ Like any other motion to dismiss, a motion to dismiss a derivative action for failure to allege with appropriate "particularity" either (1) a demand upon the corporate defendant's governing body, or (2) an adequate excuse for the failure to make demand, seeks to test the adequacy of the complaint. Therefore, it is normally to be decided upon the face of the complaint alone. See, e. g., *Brooks v. American Export Industries*, 68 F.R.D. 506 (S.D.N.Y. 1975).

. . . [I]t is clear that the "particularity" must appear in the pleading itself; the stockholder may not plead in general terms, hoping that, by discovery or otherwise, he can later establish a case. Indeed, if the requirement could be met otherwise, it would be meaningless.

*In re Kauffman Mutual Fund Actions*, 479 F.2d 257, 263 (1st Cir. 1973); *accord, Royston v. Eastern Empire Corp.*, 393 F.Supp. 1010 (E.D.Pa.1975), (Hannum, J.).

Plaintiff argues, however, that by submitting an affidavit and by making characterizations of fact in their briefs, defendants have put in issue the truth of the allegations of excuse which are contained in her complaint, and that discovery is needed for fair adjudication of the factual dispute. The difficulty with plaintiff's argument is that the affidavit submitted by defendants does not challenge the allegations of the complaint. The complaint alleges a course of collusion between the defendants, including the trustees, which is said to have made it impossible for the trustees to act independently in enforcing the rights of the Trust.

---

1. The parties agree that the further questions posed by the motions to dismiss—whether a demand on the shareholders was necessary and whether the complaint states a federal cause of action—are matters of law requiring no factual determinations.

The affidavit merely avers that certain trustees had few or no formal business connections with the other defendants. It does not aver (though of course it does not deny) that there was no collusion between these trustees and the other defendants. Compare *DeHaas v. Empire Petroleum Co.*, 286 F.Supp. 809, 813–14 (D.Colo.1968) (depositions and affidavits considered where allegations of complaint disputed). In these circumstances, it is appropriate to disregard the affidavit and to treat the motions to dismiss solely on the basis of the complaint. See F.R.Civ.P. 12; *Brooks v. American Export Industries, supra.*

Thus, the disposition of the motions to dismiss will not turn on contested issues of fact. Accordingly, plaintiff will not require discovery prior to consideration of the motions to dismiss. Wherefore, discovery will be stayed pending disposition of the motions to dismiss.