Charles S. **WILLIS**, Plaintiff,

v.

**DILLSBURG GRAIN & MILLING COMPANY and Harold S. Willis, Defendants.**

**Civ. A. No. 79–1114.**

United States District Court, M. D. Pennsylvania.

Jan. 9, 1980.

Rhoads, Sinon & Hendershot, Harrisburg, Pa., for plaintiff.

Keefer, Wood, Allen & Rahal, Harrisburg, Pa., for defendants.

## MEMORANDUM

RAMBO, District Judge.

Presently before the court is the defendants' motion for summary judgment and judgment on the pleadings, which was filed on January 9, 1980. In a four count complaint, filed on August 30, 1979, the plaintiff sought, *inter alia*, to force Harold C. Willis (hereinafter defendant Willis), as majority shareholder and a director of the

Dillsburg Grain & Milling Co. (hereinafter defendant corporation), and the defendant corporation to declare and pay a reasonable dividend. After the pleadings were closed, the defendants filed the instant motion. By order of court dated March 5, 1980, the plaintiff was given an additional twenty days to submit affidavits containing specific facts to support the broad and unsupported allegations contained in count I of the complaint. The plaintiff has complied with the court's request and the motion is now ripe for consideration.[1]

Summary judgment may be granted only when no genuine issue of a material fact exists. *Geraghty v. U. S. Parole Commission*, 579 F.2d 238 (3rd Cir. 1978). When considering such a motion, the court considers all facts and inferences drawn therefrom in a light most favorable to the non-moving party. *Braden v. University of Pittsburgh*, 552 F.2d 948, 955 (3rd Cir. 1977). Further, it is generally held that a motion for summary judgment is not appropriate in cases involving intent or state of mind, as is true in cases involving discretion. *Schoenbaum v. Firstbrook*, 405 F.2d 215 (2nd Cir. 1968), *cert. denied*, 395 U.S. 906, 89 S.Ct. 1747, 23 L.Ed.2d 219 (1969).

In count I, the plaintiff alleges that he is the minority shareholder in the defendant corporation, owning 46.4% of the stock, and that defendant Willis is the majority shareholder, owning 53.6% of the stock. He further alleges that defendant Willis has engaged in a course of conduct calculated to oppress and harass the plaintiff and to render his shares of stock in the defendant corporation worthless; that defendant Willis refuses to vote for a dividend by the defendant corporation; that there are sufficient cash reserves to pay a dividend without jeopardizing the financial security of the defendant corporation; and that the refusal to pay a reasonable dividend is not based upon sound business judgment but upon the intent to cause the plaintiff financial hardship. As a result of this course of conduct, the plaintiff requests the court to issue an order directing defendant Willis, as a director of the defendant corporation, to vote for a reasonable dividend, to direct the defendant corporation to pay the dividend, and to pay the cost of this suit, including reasonable attorneys fees.

It is a well established general rule in Pennsylvania that the courts will not interfere with the internal business policies of a corporation with respect to the declaration of dividends, substituting the court's judgment for that of the board of directors, absent a clear showing of fraud or abuse of discretion. *Jones v. Motor Sales Co. of Johnstown*, 322 Pa. 492, 185 A. 809 (1936). The burden of proving fraud or abuse of discretion lies on the stockholder requesting the equitable relief. *Id.*

Although the plaintiff's complaint was not clear as to specific acts indicative of abuse of discretion, when coupled with the affidavit by the plaintiff filed on March 24, 1980, inferences can be drawn that establish genuine issues of fact. Accordingly, the defendant's motion for summary judgment and judgment on the pleadings will be denied with respect to count I.

In count II, the plaintiff alleges that he has requested the books of the defendant corporation be audited by a certified public accountant (CPA) and an opinion rendered thereon, that this request has been refused by defendant Willis, and that such request is provided for in the Pennsylvania Business Corporation Law, 15 P.S. § 1318.

Section 1318 does provide for such procedure and would be applicable in the instant case were it not for the qualifying phrase in the first sentence of section 1318, which states "Unless the by-laws provide otherwise, . . ." Article X of the by-laws of the defendant corporation provides

> The President and the Board of Directors shall present at each annual meeting a full and complete statement of the business and affairs of the corporation for the

---

1. The plaintiff also filed a request for oral argument to review the facts and legal issues. The court is of the opinion that such elucidation is not warranted and the request will, therefore, be denied.

preceding year. Such statements shall be prepared and presented in whatever manner the Board of Directors *shall deem advisable and need not be verified by a certified public accountant.* (emphasis added)

It is clear from the express language of Article X that the annual financial statement need not be verified by a CPA. Since the by-laws do provide otherwise, section 1318 of the Pa.Bus.Corp.Law is not controlling.

The plaintiff argues that the by-laws contemplate a decision by the board of directors concerning the type of financial statements required, that no such decision has taken place, and that the statute should be applicable. With this interpretation of Article X of the by-laws the court cannot agree. No requirement of a "decision" by the board is expressly made, only what they "deem advisable". From the board's acquiescence to the present procedure, it can be inferred that the board of directors "deems" the present procedure "advisable".

The defendant's motion for summary judgment will be granted with respect to count II.

■ Count III of the complaint alleges that defendant Willis, as majority shareholder and director of the defendant corporation owes fiduciary duties to the plaintiff, as minority shareholder, which include the duty to act fairly toward the plaintiff and to provide the plaintiff with a fair return on his investment. The plaintiff then proffered seven instances in which defendant Willis allegedly breached these fiduciary duties to the plaintiff. These alleged acts would properly be raised in a derivative action by the plaintiff, brought on behalf of the defendant corporation, but not in a private action by the plaintiff.

The court in *Knapp v. Bankers Securities Corporation*, 230 F.2d 717 (3rd Cir. 1956) clearly set forth the then existing and still controlling state of the law with respect to derivative actions.

It is established in Pennsylvania as elsewhere that a suit against directors for misfeasance or misappropriation of corporate property is not one which can be maintained by the shareholder in his individual capacity but that in such a suit he acts for the corporation in seeking damages or restitution of corporate property and the suit is therefore derivative in nature. *Kelly v. Thomas*, 1912, 234 Pa. 419, 83 A. 307, 51 L.R.A.,N.S., 122. And it is also well established in that state that a shareholders' derivative suit is to be regarded as quite distinct from an action seeking relief for individual shareholders. *Hornsby v. Lohmeyer*, 1950, 364 Pa. 271, 72 A.2d 294. *Id.* at 720.

A derivative action has been defined as one in which:

the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance or distribution among individual holders, or if it seeks to recover assets for the corporation or to prevent the dissipation of its assets. *In Re Penn Central Securities Litigation*, 347 F.Supp. 1324, 1326 (E.D.Pa.1972), quoting 13 *Fletcher, Cyclopedia of Corporations* § 5911, at 285.

This definition was expressly accepted by the court in *Clinton Hudson & Sons v. Lehigh Valley Coop. Farms*, 73 F.R.D. 420, 427 (E.D.Pa.1977). Although the plaintiff's allegations as set forth in counts I and IV address claims properly brought in a private action, *Knapp, supra* at 721, the allegations set forth in count III are properly addressed only in a derivative action.

Rule 23.1 of the F.R.C.P. sets forth the proper procedure for instituting a derivative action, with which the plaintiff has failed to comply. The failure of the plaintiff to comply with the standards set forth in Rule 23.1 requires dismissal of that count for lack of standing. *Landry v. Federal Deposit Insurance Corporation*, 486 F.2d 139 (3rd Cir. 1973), *cert. denied*, 416 U.S. 960, 94 S.Ct. 1979, 40 L.Ed.2d 312 (1974); *Royston v. Eastern Empire Corporation*, 393 F.Supp. 1010 (E.D.Pa.1975).

Accordingly, summary judgment will be denied with respect to count III but it will be dismissed for lack of standing.

The fourth and final count contained in the complaint alleges that the defendants have taken on a course of conduct to "squeeze out" the plaintiff from all participation in the defendant corporation, have denied the plaintiff a fair return on his investment, and therefore have breached fiduciary duties owed to the plaintiff. As a result, the plaintiff requests this court to award damages, punitive damages, and attorneys fees.

For the reasons set forth in the discussion of count I, the court is of the opinion that a motion for summary judgment is not appropriate for count IV. The defendants' motion for summary judgment will, therefore, be denied.